SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

DAVID LOUIS WHITEHEAD,

    PLAINTIFF,

V.

    C.A. No. 05-5034 (B)
    NEXT HEARING 10/7/05
    Judge Canon (Cal. 8)

TWENTIETH CENTURY FOX FILM CORP., INC.,

    DEFENDANTS

## CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER (TRO)

COMES Now plaintiff David Louis Whitehead with his consolidated motion for preliminary injunction and temporary restraining order (TRO) based on the following below:

Opposing counsel was not available to consent. Defendant's agent U. S. Corporation did not have the lawyers information.

Defendant copied the plaintiff's satanic character in his material God v. Satan to create scenes in the film The Passion of the Christ as follows:

1. Plaintiff's work begins with the creation of the world, and leads to Satan tempting God in the Garden of Eden. P.8    The same scene is depicted in the film The Passion of the Christ. Whereas, there are glimpses of the creation of the world with Satan tempting Jesus in the Garden of Gethsemane.

2. In God v. Satan, Satan leads Judas from the Last Supper to Garden of Gethsemane. Pp.73-74.

3. In God v. Satan, Satan is depicted in scene, whereas Pontius Pilate is talking to the Jews on the fate of Jesus. P. 81   The same scene is depicted in the film *The Passion of the Christ*, with Pilate speaking to the Jews, while Satan is in the background.

4. Satan screams after Jesus's death and resurrection in both *God v. Satan* and *The Passion of the Christ*.

5. Selected lines are strikingly similar between the two works *God v. Satan* and *The Passion of the Christ*, along with sequences of events, including the four trials of Jesus.

6. In both works *God v. Satan* and *The Passion of the Christ*, the plots and mood are the same. Whereas, the storyline and theme is about Satan's battles with God. And God's victory over Satan.

    In short, plaintiff needs only demonstrate a fair chance of success on the merits for an injunction to issue. See <u>Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers</u>, 584 F.2d 308, 315 (9th Cir. 1978) Cert. Denied, 441, U.S. 937, 99 S. Ct. 2065 (1979).

    The facts here amply demonstrate the two prerequisites for such reliefs. Moreover, since both a substantial and significant irreparable injury are present here, the injunctions should issue. The public interest can only be served by upholding copyright protections for God v. Satan.  <u>Apple v. Franklin</u>, 714 F.2d at 1254, & <u>Apple v. Formula</u>, 725 F.2d at 525.

Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant on the 7th day of July 2005.

*David L. Whitehead*

Cc US Corp. Inc.,

1090 Vermont Ave.

Washington, D.C. 20030

Addendum  DW

Plaintiff requests that the court impound defendants merchandise as a result of defendant's operation of its infringing product. Further, to obtain a preliminary injunction, "a party must show either (1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. *Apple Computer Inc. v. Formula Intl Inc.*, 725 F.2d 521, 523 (9th Cir.);

4

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

DAVID LOUIS WHITEHEAD,

    PLAINTIFF,

V.                           CASE No. 05-CA-5034 B (Cal. 8)
                           Judge Canon

TWENTIETH CENTURY FOX FILM CORP., INC,

    DEFENDANTS.


ORDER

Upon Consideration of the plaintiff David L. Whitehead's consolidated motion for preliminary injunctive relief and temporary restraining order (TRO) it is hereby ordered that the motion is granted on the _____ day of _____ 2005.


SO ORDERED.

                                                    _____
                                                    Superior Court Judge


Cc David L. Whitehead
US Corp Inc