IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. WHITEHEAD,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 1:05-cv-01462-GK |
| : | |
| **TWENTIETH CENTURY FOX FILM** : | |
| **CORP., INC.,** : | |
| : | |
| Defendant. : | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Twentieth Century Fox Film Corporation hereby moves to dismiss plaintiff David L. Whitehead's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. The grounds for this Motion are set forth in the accompanying Memorandum of Points and Authorities, which defendant hereby incorporates by reference.

WHEREFORE, defendant Twentieth Century Fox Film Corporation respectfully requests that the Court grant its Motion and dismiss plaintiff's Complaint in its entirety.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: August 1, 2005    By:  /s/ Jeanette Melendez Bead
     Elizabeth C. Koch (D.C. Bar No. 412828)
     Jeanette Melendez Bead (D.C. Bar No. 480539)
  1050 Seventeenth Street, N.W., Suite 800
  Washington, D.C. 20036
  (202) 508-1100
  (202) 861-9888 (facsimile)

  Attorneys for Defendant
  Twentieth Century Fox Film Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. WHITEHEAD,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | CIVIL ACTION NO. 1:05-cv-01462-GK |
| : | |
| **TWENTIETH CENTURY FOX FILM** : | |
| **CORP., INC.,** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Twentieth Century Fox Film Corporation, through its undersigned attorneys, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Dismiss.

**INTRODUCTION**

Plaintiff David L. Whitehead is a serial litigator, whose pursuit of baseless federal copyright claims is well documented. In this action, Mr. Whitehead alleges that defendant infringed his copyrighted play, "God Versus Satan," to create the internationally distributed motion picture, "The Passion of the Christ." *See* Compl. ¶¶ 10-11.[1]  Plaintiff seeks $800,000,000 in damages. *Id*. at p. 22.

Although the frivolous nature of the Complaint is apparent on its face, an even more basic deficiency requires its dismissal. Simply put, Mr. Whitehead is banned from pursuing *any* action in this Court without first moving for leave to pursue the action. Order (Roberts, J.), in *Whitehead v. Friedman, et al*., No. 02-1630 (D.D.C. Sept. 5, 2003), at 2-3.

---

[1] Attached as Exhibit 1 to the accompanying Declaration of Jeanette Melendez Bead (the "Bead Declaration").

Although Mr. Whitehead is aware that federal copyright infringement actions such as this one *must* be brought in the federal courts, he sought to circumvent this Court's injunction against him by commencing this action in the Superior Court of the District of Columbia (the "Superior Court Action"). Defendant has properly removed the action to this Court, where, unless this Court holds otherwise, plaintiff will be permitted to do precisely what the Court sought to enjoin – plaintiff's continued pursuit of frivolous federal copyright infringement actions. For these reasons and for the reasons described more fully below, defendant respectfully requests that the Court dismiss the Complaint and require plaintiff to seek leave to pursue this action in accordance with Judge Roberts' September 5, 2003 Order.

## STATEMENT OF RELEVANT FACTS

**I.      Plaintiff's History of Litigation in this Court**

Plaintiff's history of vexatious litigation in this Court is well documented and was succinctly summarized in *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3 (D.D.C. 2001), *aff'd*, No. 01-7062, 2001 WL 936260 (D.C. Cir. July 27, 2001),[2] where Judge Paul L. Friedman stated:

> [V]irtually everything that plaintiff has filed in this case and numerous others in this Court has been completely without merit and a waste of the Court's time and resources. In the last eight years, plaintiff has filed no less than 23 lawsuits in this jurisdiction against film companies, publishing companies, actors, producers, writers and directors, President Bill Clinton, the United States Department of Justice, the Washington Post, the

---

[2] Attached as Exhibit 2 the Bead Declaration. In considering a motion to dismiss, the Court may "take judicial notice of matters of a general public nature, such as court records, without converting the motion to dismiss into one for summary judgment." *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001). "Among other things, a court may take judicial notice of the factual findings of another court as part of the public record." *United States v. Rumsfeld*, 350 F. Supp. 2d 80, 89 (D.D.C. 2004). Thus, the Court may consider both the records and factual findings of this Court and of the District of Columbia courts in resolving defendant's motion. *See id*.

> Internal Revenue Service, a District of Columbia School
> Superintendent, the CIA, and Georgetown University.  Every one
> of Mr. Whitehead's suits has been dismissed or resolved in
> defendants' favor.

*Id*. at 3 (citing cases filed by plaintiff in this Court).  In *Paramount*, Judge Friedman barred plaintiff from filing anything further in that case or in any other case dismissed by Judge Friedman, and further directed the Clerk's Office to forward any document filed by Mr. Whitehead to Judge Friedman's Chambers "for the Court's determination whether leave to file should be granted."  *Id*. at 6.[3]  In entering the Order, Judge Friedman observed that "Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions" and that "neither adverse decisions, nor monetary sanctions, nor the award of attorneys' fees will deter him."  *Id*. at 5, 6.

In another action, this one against Judge Friedman and others, Judge Richard W. Roberts entered an order barring plaintiff from commencing *any* action in this Court without first obtaining leave to file, concluding that "a broader order is needed to protect this court from plaintiff's frivolous conduct."  Order (Roberts, J.), in *Whitehead v. Friedman, et al*., No. 02-1630 (D.D.C. Sept. 5, 2003), at 2.[4]

Specifically, the Order provides:

> [P]laintiff is barred from commencing any action in this court
> without first obtaining leave of the court.  In seeking leave of
> court, plaintiff must: (1) file a motion entitled "Application
> Pursuant to Court Order Seeking Leave to File"; (2) attach to that
> motion as Exhibit 1 a copy of the July 23, 2003 Memorandum
> Opinion in this case; (3) attach to that motion as Exhibit 2 a copy
> of the opinion in Whitehead v. Paramount Pictures Corp., supra;

---

[3] There, Mr. Whitehead alleged that the films Bad Company and Mission: Impossible infringed on the copyright of his book, *Brains, Sex & Racism in the C.I.A.  Paramount*, 53 F. Supp. 2d 38, 40 (D.D.C. 1999) (attached as Exhibit 3 to the Bead Declaration).

[4] Attached as Exhibit 4 to the Bead Declaration.

3

> (4) attach to that motion as Exhibit 3 a copy of this Order; (5) attach to that motion as Exhibit 4 an affidavit certifying that the claims he wishes to present are new claims never before raised by him in any court, state or federal; (6) attach to that motion as Exhibit 5 a list delineating each lawsuit he previously has filed against each defendant against whom he seeks to bring suit; and (7) attach to that motion as Exhibit 6 a copy of each complaint and certified record of disposition of each lawsuit listed in Exhibit 5.

*Id*. at 2-3. Thus, since September 5, 2003, Mr. Whitehead has been barred from pursuing any action in this Court without first fulfilling the requirements set forth in Judge Robert's Order in *Whitehead v. Friedman*.

## II. Plaintiff's Attempts to Circumvent Judge Roberts' Order

Banned from filing frivolous federal copyright infringement actions in this Court, Mr. Whitehead has begun to file these same actions in the courts of the District of Columbia. *See, e.g.*, Complaint in *Whitehead v. Wickham and Random House Inc.*, No. 05ca001405 (D.C. Super. Ct. – Civil Division);[5] March 31, 2005 Memorandum Order in *Whitehead v. Wickham, et al.*, No. 15207-04 (D.C. Super. Ct. – Small Claims Division) (the "Small Claims Action").[6]

In the Small Claims Action, Magistrate Judge Ronald A. Goodbread admonished Mr. Whitehead's apparent disregard for the court's lack of jurisdiction in federal copyright infringement actions:

> [A]fter a long "career" of trenchant litigation over previous copyright claims, he filed in this Branch of the Superior Court, knowing full well from his previous vast litigation experience over the same issue in four federal courts that this Court had no subject matter jurisdiction over federal copyright cases.

---

[5] Attached as Exhibit 5 to the Bead Declaration.

[6] Attached as Exhibit 6 to the Bead Declaration.

4

March 31, 2005 Mem. Order at 3. Judge Goodbread observed that Mr. Whitehead had "managed to turn one misplaced Small Claims case into two groundless lawsuits," further describing the action as a case:

> (a) in a Court in which his action does not properly lie, (b) is doomed to dismissal, and (c) would only inevitably end up being removed to an Article III Court, which has already guaranteed him that he will be sanctioned severely for pursuing such misbegotten claims.

*Id*. at 4. Judge Goodbread concluded that Mr. Whitehead is "a walking violation of Rule 11" *id*. at 45, and entered an Order – a copy of which he forwarded to the Chief Judge of this Court – recommending that the Judge in the companion case in the Civil Division of the Superior Court enter an Order precluding plaintiff from "pursuing *any* similar claims in any Division of the Court without first seeking leave of Court to pursue same past actual filing," *id*. at 53.

Even though Judge Goodbread admonished plaintiff about filing federal copyright claims in state court, just three months later, on June 29, 2005, Mr. Whitehead commenced this action in the Superior Court of the District of Columbia. In the Complaint, plaintiff alleges that defendant violated the federal copyright laws, *see* Compl. at 15 (citing "17 U.S.C. § 101, et seq." in heading to "First Claim for Relief"), the federal Lanham Act, *see id.* at p. 19 (citing federal Lanham Act in heading to "Fourth Claim for Relief"), and "RICO U.S.C. 1961, 1964," *id*. ¶ 31. Although Mr. Whitehead purports to allege a number of state law claims, *see, e.g.*, Compl. at 18 (describing "Third Claim for Relief" as one for, among other things, "negligence" and "fraudulent negligence"), these claims are based on nothing more than defendant's alleged copyright infringement.

Based on all of the foregoing, defendant's counsel wrote to plaintiff on July 21, 2005, to urge plaintiff to voluntarily dismiss the Superior Court Action. Letter from Counsel to David L.

5

Whitehead, dated July 21, 2005.[7]  To date, Mr. Whitehead has not responded to the letter.  Thus, defendant timely removed this action to this Court on July 25, 2005.  This motion followed.[8]

## LEGAL ARGUMENT

Plaintiff's conduct violates the intent and spirit of Judge Roberts' Order and subjects this case to dismissal.  Indeed, in *Jemzura v. Mikoll*, No. 99-CV-710, 2001 WL 1217227 (N.D.N.Y. Sept. 4, 2001),[9] a federal court dealt with circumstances virtually identical to those here.  There, the plaintiff, a *pro se* litigant, had a history of vexatious litigation in state and federal courts spanning twenty years.  *Jezmura*, 2001 WL 1217227, at *1.[10]  Three years earlier, in another case in the federal court, a judge had issued an Order enjoining the plaintiff from filing any

---

[7] Attached as Exhibit 7 to the Bead Declaration.

[8] On July 5, 2005, just days after he commenced the Superior Court Action, plaintiff filed a partial motion for summary judgment, in violation of Superior Court Rule 56, which prohibits a claimant from moving for summary judgment before the expiration of twenty days after service of a pleading on an adverse party.  To the extent that the motion for partial summary judgment is treated as having been filed in this Court, it is also untimely under Fed. R. Civ. P. 56(a), which prohibits the filing of motions for summary judgment within the 20 days after an action is commenced.  Defendant is submitting herewith a Motion to Strike plaintiff's partial motion for summary judgment.

[9] Attached as Exhibit 8 to the Bead Declaration.

[10] Like the plaintiff in *Jemzura*, Mr. Whitehead's history of vexatious litigation is not limited to this Court.  *See e.g.*, March 31, 2005 Mem. Order at 8, 10 (citing cases); *id*. at 4 (noting that, as of March 31, 2005, over the course of 11 years, plaintiff has commenced litigation in 11 jurisdictions, involving at least 68 defendants and resulting in the issuance of "93 citations, orders, and opinions, including 30 from a total of four U.S. District Courts (including 25 from the local U.S. District Court), 50 from five U.S. Circuit Courts of Appeals (including 36 from the local U.S. Court of Appeals), [9] from the U.S. Supreme Court, and [1] from a State Supreme Court . . .none of which has accomplished a thing.").  Plaintiff has alleged over the years that the following films infringed upon his work: "*Jerry Maguire, Most Wanted, U.S. Marshal, A Perfect Murder, Titanic, The Saint, Prince of Egypt, Why Do Fools Fall in Love, How Stella Got Her Groove Back*."  *Whitehead v. Columbia Pictures Indus.*, No. 98-2398, 2001 WL 1218908, at *5 (D.D.C. June 14, 2001) (Friedman, J.) (attached as Exhibit 9 to the Bead Declaration).

action in the Court without first obtaining leave to do so.  *Id.*  The plaintiff instead commenced a state court action, which the defendants promptly removed to federal court.

On motions to dismiss, the defendants argued that plaintiff's pursuit of the litigation violated the injunction against him.  *Id.* at *2.  The court agreed, concluding that although the state court filing technically did not violate the federal injunction, because the Complaint should have been commenced in federal court in the first instance, and because the Complaint fell squarely within the parameters of the injunction, plaintiff could not pursue the litigation without first obtaining leave of court.  *Id*. at 3.  In so holding, the court stated:

> While plaintiff did not violate the terms of the order *per se* by filing this action in state court, there is little doubt that [the Court] intended his August 3, 1998, injunctive order to prevent plaintiff from litigating these types of repetitive and vexatious claims in this District.  Moreover, as referenced above, this action, based entirely on alleged violations of federal law and naming two federal judges as defendants, should have been commenced in federal court from the outset where it would have been subject to automatic dismissal based on [the Court's] injunctive order.

*Id*.

Like the plaintiff in *Jemzura*, Mr. Whitehead's attempts to circumvent Judge Roberts' Order is plain.  As Judge Goodbread observed:

> Whitehead has known for at least the five years since one of his early "Columbia copyright cases" that such a case could not be engrafted onto a State-level court, because it could never survive a "removal action."

March 31, 2005 Mem. and Order at 41.  Plaintiff's substantial history of vexatious litigation, coupled with his latest effort to end-run this Court's injunction against him, warrant dismissal of his Complaint.  In short, plaintiff should be prohibited from engaging in these underhanded tactics.  And as Judge Friedman observed in *Paramount*, plaintiff cannot hide behind his *pro se* status:

7

> Lest it be inferred from such a dismal track record that Mr. Whitehead is but an unsophisticated naïf tilting at windmills, one need only look at his own stated intent for bringing many of these cases to know that Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions.

*Paramount*, 145 F. Supp. 2d at 5.  Indeed, as Judge Friedman observed in *Paramount*, it appears that Mr. Whitehead's impetus for pursuing these actions is quite calculated.  *See id*. at 5 n.1 (noting that counsel in the case provided unrebutted declarations recounting that plaintiff's "self-proclaimed purpose for bringing his multiple copyright lawsuits is to extract nuisance settlements").  Consistent with Judge Roberts' goal of "protect[ing] this court from plaintiff's frivolous conduct," Sept. 5, 2003 Order, at 2, plaintiff's Complaint should be dismissed.

## CONCLUSION

For all of the foregoing reasons, defendant Twentieth Century Fox Film Corporation respectfully requests that the Court enter an Order dismissing this action and enjoining plaintiff from pursuing this litigation further without first seeking leave to do so.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: August 1, 2005

By: _____/s/ Jeanette Melendez Bead_____
Elizabeth C. Koch (D.C. Bar No. 412828)
Jeanette Melendez Bead (D.C. Bar No. 480539)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
(202) 508-1100
(202) 861-9888 (facsimile)

Attorneys for Defendant
Twentieth Century Fox Film Corporation