*Whitehead v. Twentieth Century Fox Film Corp., Inc.*
**CIVIL ACTION NO. 1:05-cv-01462-GK**

# DECLARATION OF
# JEANETTE MELENDEZ BEAD

# EXHIBIT 1
# (Part A)

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Civil Division

DAVID LOUIS WHITEHEAD,

9 Fourth St. N.E. Apt. 1

Washington, DC 20002

PLAINTIFF,

05-0005034

V.                                         CASE No. _____

TWENTIETH CENTURY FOX  FILM CORP INC,

Serve Corporation Agent United States Corporation Co.
1090 Vermont Ave., N.W.
Washington, D.C. 20036

DEFENDANTS,

*Complaint for*: Theft of Intellectual Property, Fraudalent Concealment of

Intellectual Property, Intentional Disquise and Deception of theft of Intellectual Property,

Conspiracy to theft of Intellectual Property, Copyright Infringement, Invasion of Privacy,

Injunctive Relief, Breach of Trust and Confidence, Temporary Restraining Order,

Negligence, Fraudalent Negligence, Misappropriation of Intellectual Property, Violation

of Lanham Act with false designation and distribution, Fraud,  RICO U.S.C. 1961 as

amended based on theft of Intellectual property,  Breach of Trust and Confidence,  and

Violations of Campaign Elections Laws relating to Fraud, Constructive Fraud,

Retaliation, Unfair Competition (15 U.S.C. 1117, 1125, Fraudulent Concealment by a

Fiduciary, breach of Constructive Trust,  and Theft of Intellectual Property.

The Primary allegation is above named defendant and their agents and principal officers used plaintiff David Louis Whitehead's play entitled *God v. Satan* to create its billion dollar film and book projects entitled The Passion of Christ for national and worldwide distribution. Defendant and their agents Mel Gibson and Icon Productions and others grossed billions and billions of dollars from this intentional theft of Mr. Whitehead's creativity and work *God v. Satan.* *(See attachment 1. Affidavit of Wang & Associates Certified Public Accountants [CPAs]).*

In short, the above named defendants created an economic empire from the theft of the plaintiff's intellectual property.

### The Parties

Plaintiff David Louis Whitehead is a resident of the District of Columbia, and citizen of the United States. He teaches American Government, World Religion, Creative Writing, Oral Communication, and Comparative Politics. Plaintiff also is a theatrical writer and director and producer. He is a Who's Who Marquis member from 2002-2005.

Defendant Twentieth Century Fox- Film Corporation through their agents Mel Gibson and Icon Production Inc, is a company located in the State of California. Icon Distribution Inc does business in the United States and abroad. The defendant Twentieth Century Fox Film Corporation registered agent does business in the District of Columbia.

Unnamed Defendant Tyndale House Publishers Inc is a company located in the State of Illinois. Unnamed Defendant and ICON Production Inc, it does business in the District of Columbia.

Unnamed Defendant New Market Films Inc is a company located in the State of California and New York. The company does business in the District of Columbia.

Jurisdiction and Venue of this court is founded on D.C. Code Annotated, 1973 edition, as amended Sec. 11-921, based on State Law Claims.

### Factual Allegations and Historical of Events Common To All Causes of Action

1. The historical events which lead to the above alleged claims of the plaintiff are as follows:

   a. On or about 1995, Plaintiff David Louis Whitehead wrote his play entitled *GOD v. SATAN*, a theatrical analysis. The play *God v. Satan* depicts the character Satan throughout the bible. The document/play God v. Satan is large in volume.

   b. In developing the massive booklet/play, Plaintiff David Louis Whitehead used historical elements of the Holy bible for *God v. Satan*. Plaintiff David Whitehead also used his creative genius to construct the material.

   c. *On or about May 20, 1996, Plaintiff David Louis Whitehead filed for registration of his intellectual property "The Play God v. Satan" with United States Copyright Office No. Txu-743-018. The year in which the material was created at section 3a. 1995-96. In accordance with title 17, US Code, the work God v. Satan is protected with copyright registration. A true copy of the registration is listed in this complaint. (See attachment 2. Copyright Certificate for The Play God v. Satan)*

3

d. Plaintiff David Louis Whitehead disseminated his work God v. Satan to several entities and individual for review.

e. Plaintiff David Louis Whitehead submitted his work God v. Satan for review and possible stage production to the following entities, individuals and universities:

- Department of Theatre at the University of Maryland.

- Mike Malone of the Department of Theatre at Howard University. (*Noting that Mr. Malone is the mentor of Dreamworks Pictures co-producer Debbie Allen. Ms. Allen co-produced Amistad with Dreamworks. Moreover, Home Box Office of Time Warner co-produced Dreamwork's Amistad. Time Warners employee Dick Parson is a board member at Howard University*, where the material was submitted for review).

- ARENA Stage Production Company in the District of Columbia. (*See attachment 3, Arena Stage letter dated June 6, 1996*).

- Dorrance Publishing Co. in Pittsburgh, PA. (*See attachment 4, letters from Dorrance Publishing Co.*)

4

- A person named Phil through contact named Melody, who starred in the hit play The Big Bad Wolf v. Ms. Little Red Riding Hood, The Mike Story Story" *which was reviewed by Washington Post in the Reliable Source article dated October 1, 1996, on David Whitehead's play The Big Bad Wolf.*

*Previous Litigation of Interest involving <u>David Whitehead v. Dreamworks Pictures</u>, et al., 98cv1917, in the District Court for the District of Columbia before Judge Paul L. Friedman.*

2. Plaintiff David Louis Whitehead sued DreamWorks Pictures in <u>*Whitehead v. DreamWorks Pictures*</u>, 98cv1917, before Judge Paul L. Friedman, alleging infringement of the play God v. Satan. Judge Friedman dismissed the case Whitehead v. DreamWorks Pictures, 98cv1917 twice. First in <u>Whitehead v. Clinton</u>, et al., 99cv2891 and second in <u>*Whitehead v. DreamWorks Pictures*</u>, et al., 98cv1917. Noting that the first case <u>*Whitehead v. Clinton*</u>, et al., 99cv2891, was dismissed sua sponte, and the second action <u>*Whitehead v. DreamWorks*</u>, et al., 98cv1917, dismissal by the court was moot (*a disquise since the first action <u>*Whitehead v. Clinton*</u>, et al, 99cv2891 was dismissed).

5

3. President Bill Clinton and the White House co-sponsored the project Amistad for DreamWorks Pictures. Further, a Senate Investigation on Campaign Finance Violations revealed the DreamWorks Principal Parties Steven Spielberg and David Geffen made sleep overs at the White House. Further, Mr. Spielberg and Geffen gave gifts and other financial assistance to the campaigns of Bill and Hillary Clinton.

4. Judge Friedman was appointed to the bench by President Clinton in 1994. Moreover, Judge Friedman testified during his Senate Confirmation hearing that he would remain a General Partner with White & Case LLP and Partners and former Partners and some spouses in an investment group known as Wallpark LLC, which is located in White & Case Offices in New York. Further, Judge Friedman testified that Wallpark was part to Media Communication II (possibly connected to Hollywood?). He oftened stayed at White & Case Apartments in New York, and he lectured the law firm on matters of interest. In short, Judge Friedman never left the White & Case law firm due to his financial relationship with White & Case Partners and Former Partners and their spouse in Wallpark LLC/Media Communication II. This relationship impact Judge Friedman's decisions in *Whitehead v. DreamWorks Pictures*, et. al., No. 98cv1917 and *Whitehead v. Bill Clinton*, et. al., No. 99cv2891. DreamWorks Pictures received a billion dollar loan from Chemical Bank in New York. White & Case LLP represents Chemical Bank. Judge Friedman receives an annual pension from White & Case, along with his business interest with the White & Case partners and former partners and their spouses, including Elizabeth Friedman and her

6

employer Nixon and Peabody LLP.  It is unclear whether Nixon and Peabody

represent DreamWorks Pictures and/or Chemical Bank?

5. During the litigation *Whitehead v. DreamWorks Pictures* 98cv1917, and the

Senate investigation, there were several alleged facts of interest which was

revealed:

That the Plaintiff's Poem entitled "In A Box Controlled By House Negroes"

was used for some parts of the creation of the film "Amistad": Whereas, dialogue

from the poem is striking similar to the dialogue in the film *Amistad*.

For instance, in the poem, there are questions on the race of the Supreme

Court justice, "A new Supreme Court Justice, is he a brother?  He needs Islam,

coming from the slum?"  The same dialogue and depiction was used in the film

Amistad.  Whereas, the African natives on US Shores asked each other, whether

the black American character was a black man (brother).

Another instance of copying was taken from the poem, is "Give us a message

to set us free," and "…please set me free,".  The character Cinque captured the

statement in the film "Amistad" with his identical statement, "Give Us Free",

"Give us Free".

Most importantly, another reference in the poem was "Can't see to get away from the CIA". This was part to the plaintiff's claims to the alleged infringement for the film Conspiracy Theory, starring Mel Gibson and Julia Roberts. Noting that there is documented evidence that Plaintiff David Louis Whitehead met Julia Roberts and Denzel Washington at the Georgetown University Law Center during the filming of "Pelican Brief". Plaintiff had conversations with both Ms. Roberts and Mr. Washington. He submitted his book *"Brains, Sex, & Racism In the CIA And The Escape"* to Mr. Washington for review. Mr. Washington retained the book without any further communication. However, he later endorsed a film on Antwone Fisher.

Plaintiff alleged that his poem *"In A Box Controlled By House Negroes"* and his book *"Brains, Sex, & Racism In the CIA And the Escape"* was the basis for the hit film *" Conspiracy Theory"* and "A Beautiful Mind". Noting that *"Conspiracy Theory"* and *"A Beautiful Mind "* are identical striking similar films.

In short, DreamWorks Pictures (Debbie Allen, Mike Malone and Time Warner's Dick Parson) and Mel Gibson of Icon Films connection to the plaintiff's poem and CIA book (Julia Roberts and Denzel Washington) provide access to plaintiff's *God v. Satan* for the creation of the film and book *The Passion of Christ*. Further, it is unclear at this time, what role Denzel Washington's wife played in the production of Amistad?

6. In plaintiff's alleged infringement claims to DreamWorks Pictures "Prince of Egypt" in *Whitehead v. Columbia Pictures Industries Inc.* et al, 98cv2938 (Mike Malone) there's evidence of access to the play God v. Satan". Mr. Malone is connected to Debbie Allen, co-producer of DreamWorks Pictures's Amistad. DreamWorks Pictures's *Prince of Egypt* and Walt Disney's *Hercules* are strikingly identical films, using plaintiff's satanic characters.

7. Access has been established based on case law in *Hoffman v. Pressman,* 70 F. Supp. 498 (D. N.J. 1990), aff'd., 947 D.2d 935 (3rd Cir. 1992), cert. denied, 477 U.S. 317 (1992). "Access can be shown where there is direct evidence that the accused author or close business associate had an opportunity to encounter the plaintiff's work." Further, plaintiff need only show that the defendant had a reasonable opportunity to copy the plaintiff's work. *Aldon Accessories Ltd. v. Spigel.* Inc., 738 F.2d 548 (2d Cir. 1984), cert, denied, 469 U.S. 982. Also see *Sid & Marty Krofft Television Prods Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1172 (9th Cir. 1977).

8. Plaintiff believes that the Defendant and unnamed defendants fraudulently represented to the public that the creation of the film "*The Passion of Christ*" was placed into plans ten years ago, and that God gave him (Mel Gibson) a vision to create and produce the film "The Passion of Christ" is outrageous. Prompting a University of Pennsylvania professor to state: "*Mel Gibson deserved to be sued.*"

9

Plaintiff asserts that God v. Satan depicts Satan throughout the bible. He believes that DreamWorks used the satanic characters in its musical Prince of Egypt.

Walt Disney used the satanic character in the film "Hercules".

Icon and Mel Gibson used the four Gospels and the four trials of Jesus as in "*God v. Satan*". These are historical facts, but combined with the characterization of the satanic character and characters is copying. *(See attorney Beth Walker's attempted settlement offer to DreamWorks attorney as attachment 5).*

9. Plaintiff filed an FBI criminal copyright complaint against Mel Gibson and Icon Productions and others. *(See Attachment 6. Noting that Mel Gibson and Michael Moore joined financial forces for "Fahrenheit 911". Also See attachment 7 Rense.com).*

It is unclear whether funds for 2004 *"Fahrenheit 911"* came from 2004 *"The Passion of Christ"*, which was based on the plaintiff's work, and can this relationship be viewed as campaign violations for a certain political party? Plaintiff asserts that "Fahrenheit 911" was produced during an election year to swayed voters.

10. Plaintiff David Louis Whitehead believes that there is substantial similarity between the two works God v. Satan and The Passion of Christ. "...*When compared in their entirety including both protectible and unprotectible material.*" Nimmer 13-90 *If the material copied is quantitatively small, but it is qualitatively important, substantial similarity can be found.*" Nimmer 13-47 and 13-52.

10

11. Plaintiff David Louis Whitehead believes that examples of copying is shown between the two works *"God v. Satan"* and *"The Passion of Christ"* as follows:

In both works *God v. Satan* and *The Passion of Christ*: Satan appears with Judas; Satan screams at the ending scenes of the *God v. Satan* and The Passion of Christ; Satan appears in scene where Pontius Pilate is speaking to the Jews; Satan is upset with Christ's victory in death. Foreign Language is used in both works.

In *God v. Satan*, foreign language is used during Christ's screams "Eloi, Eloi, loma Sabachthani? In the film and book version of *The Passion of Christ* foreign language is transcribed into English. Defendant and their agents Mel Gibson and Icon Productions and others basically reversed the translations between the two works. In plaintiff's *God v. Satan*, Satan tempts both Adam and Eve in the Garden of Eden and he also challenges God; In the film and novel versions of *The Passion of Christ Satan* tempts Jesus in the Garden of Gethsemane. This scene does not exist in the holy bible as the truth. Plaintiff's work Satan leads Jesus from the Last Supper to the Garden of Gethesemane, where Jesus is arrested. The sequence of events are strikingly similar between the two works, from God's creation of the world to Satan's tempting God in the Garden of Eden and Gethsemane. The writers and director of the film and novel *The Passion of Christ* offers the audience inventions and fade to historical events, which were depicted in plaintiff's *God v. Satan*. Both works depicts Satan as the loser in his battle against God.

In both works Satan screams at the end of the materials because of Jesus's victory over him in death. Therefore, the beginning and ending of both works (*God v. Satan and The Passion of Christ*) have strikingly similar sequence of events and plot (storyline and development). In the work *God v. Satan*, Satan applause Pontius Pilates's discussion to the Jews about Jesus's fate. In the film *The Passion of Christ*, Satan stands there while Pontius Pilates's discussion to the Jews about Jesus's fate.

The dialogue and writing styles are striking similar between the two works. In 2005, defendant through their agents Mel Gibson, Icon Productions made scene changes when they released another edited version of the film *The Passion of Christ*. These intentional new scene changes are to conceal/hide the theft of the plaintiff's God vs. Satan intellectual property). Further, he believes that this action mounts to Campaign Finance violations involving persuasion of American election for a political parties from stolen intellectual property, which has grossed billions and billions of dollars, pertaining to the gross amount earned from "The Passion of Christ", which was loan for Film Production *"Farenheit 911"*.

12. Plaintiff David Louis Whitehead believes that defendant retaliated against him due to other related claims filed against the Hollywood studios, including the alleged claim against defendant's film "Titanic" and "How Stella Got Her Groove Back" based on other intellectual property developed by the plaintiff from his creative genius, including the plaintiff's novel, "How Rebecca Zinani Madison Got Her Freak Off" (1997). See Whitehead v. Columbia Pictures Industries Inc, et al., 98cv2938. Noting that Judge Paul L. Friedman filed a false statement in the case on February 7, 2001 on his stock interest in Paramount Communication Inc.

13. Plaintiff David Louis Whitehead is informed and believes, and on the basis alleges, that since 2004 Defendant and their agents Mel Gibson and Icon Production and other unnamed parties have been reproducing, distributing, promoting, and offering for sale illegal and unauthorized copies of their dvds, cds, books, and videos and television productions entitled *"The Passion of Christ"* which were based on the PLAINTIFF'S *God v. Satan.*

14. PLAINTIFF David Louis Whitehead is informed and believes, and on the basis alleges, that Defendant and their agent Mel Gibson, Icon Production and others un named characters and entities in the above paragraphs are attempting to pass it products off as if they are DEFENDANT's products in a manner calculated to deceive PLAINTIFF'S creation as their *THE PASSION OF CHRIST*. Defendant and their agents Mel Gibson and Icon Production have misled the General American Public and World audiences to think that Plaintiff's God v. Satan is their "The Passion of Christ" creation: books, dvds, cd, videos, books and other accessories. This action is a violation of the Lanham Act on false designations and advertising.

15. Plaintiff David Louis Whitehead believes that defendant and Mel Gibson and others have known about his works since the alleged infringement by *The Prince of Egypt* and *Hercules* and possible Viacom's *Noah's Ark* Television broadcast with Mission Impossible's John Voight.

16. The natural, probable and foreseeable result of Defendant and their agents Mel
Gibson and Icon Production and others wrongful conduct has been and will
continue to be to deprive Plaintiff David Louis Whitehead of the benefits of
selling Plaintiff's *God v. Satan* work and its other products, to deprive Plaintiff of
goodwill, and to injure Plaintiff's reputation with the general public.

17. PLAINTIFF David Louis Whitehead is informed and believes, and on that basis
alleges, that he has lost and will continue to lose substantial revenues from the
sale, infringement of his work entitled *"God v. Satan"* and other prospects of his
works and will sustain further damage as a result of Defendant and their agent
Mel Gibson and Icon Productions and others wrongful conduct and defendant's
production and sale of these infringing products. Defendants' wrongful conduct
has also deprived and will continue to deprive Plaintiff of opportunities for the
use or selling his script to any other source, which could be also viewed as
Antitrust violations.

18. PLAINTIFF David Louis Whitehead is informed and believes, and on that basis
alleges, that unless enjoined by this Court, Defendant and their agents Mel Gibson
and Icon Production and others intends to continue its unlawful and reckless
course and conduct and to wrongfully use, infringe upon, sell and otherwise profit
from PLAINTIFF's *"God v. Satan"* property and any works derived from it. As a
direct and proximate result of the acts of Defendant and their unnamed agents Mel
Gibson and Icon Productions and others alleged above, Plaintiff has already
suffered irreparable damage and has sustained lost profits and prestiage.

PLAINTIFF has no adequate remedy at law to redress all of the injuries that

DEFENDANT has caused and intends to cause by its conduct.  PLAINTIFF will

continue to suffer irreparable damage and sustain lost profits until this Court

enjoins Defendant and unnamed agents Mel Gibson and Icon Productions and

others  actions alleged above.

### FIRST CLAIM FOR RELIEF*

### COPYRIGHT INFRINGEMENT
### (17 U.S.C. SECTION 101 ET SEQ)

19. PLAINTIFF'S realleges each and every allegation set forth in Paragraphs 1

through 18, inclusive, and incorporates them herein by this reference.

20.  By its actions alleged above, DEFENDANT and their unnamed agents Mel

Gibson and Icon Productions and others have infringed and will continue to

infringe PLAINTIFF'S copyrighted material and relating to the work "GOD v.

SATAN" , by producing, distributing, and placing upon the market products

which are direct copies of the PLAINTIFF'S copyrighted materials stated above.

In addition, material The Passion of Christ is inferior work compared to plaintiff

original creation.  Defendant and their agents Mel Gibson, Icon Productions and

others edited the film *The Passion of Christ,* which attempt to make the work

identical to the plaintiff's *God v. Satan.*

21. PLAINTIFF David Louis Whitehead is entitled to an injunction restraining DEFENDANT and their unnamed agents Mel Gibson, Icon Productions and other officers, and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws. For instance, cease and desist from selling the video/dvds and other accessories of the film *The Passion of Christ*, marketed by defendant and their agents.

22. PLAINTIFF David Louis Whitehead is further entitled to recover from DEFENDANT and their unnamed agents Mel Gibson, Icon Production and others, the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by DEFENDANT and their agents Mel Gibson, Icon Production and others as a result of Defendant and their agents acts of infringement alleged above.

### SECOND CLAIM for RELIEF

### (Fraud, Fraudulent Concealment by Fiduciary  & INTENTIONAL CONCEALMENT of Intellectual Property, Intentional disguise and deception of Intellectual property)

23. Plaintiff David Louis Whitehead repeat and reallege each of the allegations set forth above in Paragraphs 1 through 22, inclusive and by this reference incorporate the same as though fully set forth herein.

24. As alleged above, defendant and their agents Mel Gibson, Icon Production are fiduciary of Plaintiff and as such, owed Plaintiff, among other things, the highest duties of honesty and loyality.

25. Defendant and their agents Mel Gibson, Icon Production have breached its fiduciary duties to Plaintiff by failing to compensate him for his intellectual material fro their use to create films and books. Defendant and their agents Mel Gibson and Icon Production intentional disquise the copying of the plaintiff's 1995-1996 GOD v. SATAN, to create their film and book 2004 *The Passion of Christ.*

26. Rule 9- A party must plead fraud and mistake with particularity, but may plead malice, intent, knowledge and other conditions of mind generally. Plaintiff David Louis Whitehead has specified the actions he alleged to be fraudulent, he identified the theft and misrepresentations to the public by the defendant and their agents Mel Gibson and Icon Productions and others. See Re Craftmatic Sec. Litig. V. Kraftwas, 890 F.2d 628, 644(3rd Cir. 1989).

27. As a direct and proximate result of defendants' constructive fraud, Plaintiff has suffered monetary damages, with interest, as the court sees fit.

28. In doing the alleged acts stated above, defendant and their agents Mel Gibson and others have been guilty of oppression, retaliation, fraud, Rico, and malice, and have acted in conscious of complete disregard of Plaintiff's rights, and copyrights, which entitles Plaintiff to recover exemplary damages in an amount to be established at trial.

29. Defendant and their agent Mel Gibson, Icon Productions continue to misrepresent the facts by fraudulently representing to the General Public and World audience that Plaintiff's creation "*God v. Satan*" were created by the defendants. These individuals and entities also edited the original version of the film to intentionally concealed the copying of Plaintiff's "*God v. Satan*". The edited version of the 2005 film "The Passion of Christ" offers more evidence copying of *God v. Satan.*

### THIRD CLAIM For RELIEF

*(MISAPPROPRIATION OF INTELLECTUAL PROPERTY, RICO 18 U.S.C. 1961 as amended, NEGLIENGE, Conspiracy to Theft of Intellectual Property, Fraudulent Negligence)*

30. Plaintiff David Whitehead repeat and realleges each of the allegations set forth in Paragraphs 1 through 29, inclusive, and by this reference incorporate the same as though fully set forth herein, including breach of duty of care of plaintiff's property *God v. Satan.*

31. Defendant and their agents Mel Gibson, Icon Productions and others improperly used the plaintiff's intellectual ideas and property "*God v. Satan*" to create their film and books "*The Passion of Christ*". These individuals, entities and agents conspired to steal plaintiff's work. They passed plaintiff's material from studio to studio, grossing billions of dollars. Defendant and their agents were negligent and committed fraud, RICO and negligence from the above action. 18 U.S.C. 1961, 1964 as amended.

18

## FOURTH CLAIM FOR RELIEF

(INVASION OF PRIVACY, BREACH OF CONSTRUCTIVE TRUST & CONFIDENCE & BAD FAITH DEALING, Lanham Act Violations, UNFAIR COMPETITION (15 U.S.C Section 1117, 1125 (A) AND WILLFUL AND INTENTIONAL INFRINGEMENT OF PLAINTIFF'S REGISTERED COPYRIGHT & RETALIATION)

32. PLAINTIFF David Louis Whitehead repeat and realleges each of the allegations set forth in Paragraphs 1 through 31, inclusive and by the reference incorporate the same as though fully set forth herein.

33. Defendant and their agents Mel Gibson, Icon Production and others owes a duty to compensate the plaintiff for the above acts, including pirating his intellectual property to create their works "The Passion of Christ". The defendants invaded the plaintiff's privacy, and failed to inform the plaintiff of the use of his material and conspired to create their work. The above action also could be viewed as Antitrust violations.

34. Defendant and their agents activities complained of herein are continuing, constitute willful and intentional infringement of Plaintiff's registered copyright work GOD v. SATAN, and are in total disregard of Plaintiff's rights. In essence, defendant and their agents retalitated against plaintiff was due to other claims filed during the years 1996 through 2002. Defendants grossed millions of dollars

19

from copyright infringements of plaintiff's earlier works; naturally, they returned to the well (the same source: David Louis Whitehead).

### FIFTH CLAIM FOR RELIEF

### (CAMPAIGN VIOLATION, DECLARATORY RELIEF, TEMPORARY RESTAINING ORDER, INJUNCTIVE RELIEF)

35. Plaintiff David Louis Whitehead repeat and realleges each of the allegations set forth in Paragraphs 1 through 33, inclusive and by the reference incorporate the same as though fully set forth herein, including violating campaign finance laws – Using the plaintiff's material for campaign funds and influence, pending whether the film *Farenheit 911* received funds from the infringing film *The Passion of Christ, based on God v. Satan.*

36. Plaintiff David Louis Whitehead is entitled to an injunction restraining Defendant and their agents, employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

37. PLAINTIFF David Louis Whitehead demands damages of Eight Hundred Million Dollars and compensary damages of Fify Million dollars. Plaintiff requests that a temporary restraining order and injunctive relief orders are issued, including impoundment of the infringing works *The Passion of Christ*. Defendant and their agents Mel Gibson and Icon Production and others act against plaintiff

has damaged the plaintiff's reputation and harm his ability to participate and developing his career in the entertainment industry.

38.  These violations continue to damage the Plaintiff's career as a writer with hopes to benefit from his original ideas filed with the United States Library of Congress.

39.  Directing that defendant and their agents be required to account for and relinquish to Plaintiff such damages as plaintiff has sustained as a consequence of defendants' infringement of the Plaintiff's copyright materials.

40.  Directing that defendant and their agents be required to compensate Plaintiff such damages as Plaintiff has sustained as a consequence of defendants' infringement of the Plaintiff's copyrighted work "GOD v. SATAN".

41.  Awarding Plaintiff the costs of this action together with reasonable attorneys fees.

42.  Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

### *PRAYER FOR RELIEF*

WHERFORE, PLAINTIFF DAVID LOUIS WHITEHEAD prays for judgment

against the Defendant and their agents Mel Gibson, Icon Production and others in the

amount of Eight Hundred Million Dollars, including compensatory damages of Fifty

Million dollars and RICO 18 U.S.C. 1961 & 1964 as amended.


### *DEMANDS Trial By JURY*


Respectfully Submitted,


David Louis Whitehead

9 Fourth St. N.E. Apt. 1

Washington, D.C. 20002


Work No. 202-478-8200