*Whitehead v. Twentieth Century Fox Film Corp., Inc.*
CIVIL ACTION NO. 1:05-cv-01462-GK

# DECLARATION OF
# JEANETTE MELENDEZ BEAD

# EXHIBIT 5

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

DAVID LOUIS WHITEHEAD

PREPAYMENT OF COSTS WAIVED

05-0001405

PLAINTIFF,

V.                                              Case No. _____

DEWAYNE WICKHAM
7950 Jones Branch Dr. McLean, Va. 22108

RANDOM HOUSE PUBLISHERS INC.,
Westminister 400 Hahn Rd. Westiminster, Maryland 21157

FILED
CIVIL ACTIONS BRANCH
FEB 2 5 2005
Superior Court
of the District of Columbia
Washington, D.C.

DEFENDANTS

Complaint Alleges: Theft of Intellectual Property, Intentional Copyright Infringement 17 U.S.C. Section 501- 506 as amended, Violations of Privacy, Misappropriation of Intellectual Property, Lanham Act 15 U.S.C as amended, Breach of Express and Implied Contracts, Breach of Contract.

Plaintiff David L. Whitehead alleges that the above named defendants Dewayne Wickham and Random House Publishers Inc. stole his intellectual property entitled Bill Clinton and The Negroes to create and publish a book entitled Bill Clinton and Black America to gross millions of dollars.

FILED
MAR 2 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant Dewayne Wickham copied plaintiff's paper Bill Clinton and the Negroes to create his manuscript entitled Bill Clinton and Black America, which was published by Random House Publishers Inc. Mr. Wickham received plaintiff's papers from SAVOY magazine, which no longer exists. SAVOY closed its business and headquarters in New York. Mr. Wickham has close business ties and relations with SAVOY personnel. Plaintiff submitted his paper (work) Bill Clinton and The Negroes to SAVOY in 2001.

Defendant Dewayne Wickham allowed himself to be used by the powers of the Clinton administration attempting to refute the plaintiff's thesis, by copying the plaintiff's thesis on President Clinton and his administration. Moreover, Mr. Wickham cleverly persuaded others to assist him so that Random House would publish his infringing material, which was definitely based on the plaintiff's work. *See attached letter and copyright certificate.* Defendant Dewayne Wickham did not even write the book Bill Clinton and Black America, he simply had people to submit interview request statements. Moreover, he added some analysis which was copied by the plaintiff's work Bill Clinton and The Negroes. Plaintiff requests summary judgment pursuant to rule 56.

Plaintiff realleges Count 1: Intentional Theft of Intellectual property. Defendants copied plaintiff's work verbatim.

Count 2: Defendants violated the Lanham Act 15 U.S.C. as amended by the theft of plaintiff's intellectual property.

2

Count 3: Defendants violated the Copyright Law Section 17 U.S.C. 501-506 as amended by stealing and infringing plaintiff's copyright. See Copyright certificate No. Txu-1-018-798 dated March 1, 2002.

Count 4. Defendants breached implied and express contract by the theft of plaintiff's work to create their works (book) Bill Clinton and Black America (2002). Defendant Wickham was connected to SAVOY, which received plaintiff's work in 2001.

Count 5. Defendants violated the plaintiff's privacy rights from the theft of his work Bill Clinton and The Negroes (2001) to create their work Bill Clinton and Black America (2002). Defendants did not obtain permission to use plaintiff's work to create their book.

Count 6. Injunctive Relief. Defendants are required to cease and desist from the publication of Bill Clinton and Black America, pending the decision of the court in the above captioned case.

Count 7. Misappropriation of Intellectual property. Defendants misappropriated plaintiff's intellectual property and created their work from the theft of plaintiff's work.

Count 8. Breach of Contract. Savoy and DeWayne Wickham breached contract with plaintiff. Wickham was connected to the company SAVOY, which received plaintiff's property Bill Clinton and The Negroes in 2001. Defendant Wickham used his media ties to create his work from plaintiff's work.

With an attachment of an affidavit and the works in question, the court should enter a decision for summary judgment for the plaintiff. The above captioned case is intentional and blatant copyright infringement with criminal implications.

In conclusion, plaintiff demands the amount of $3.5 million dollars and trial by Jury.

DEMAND JURY TRIAL and Damages of $3.5 Million Dollars.

David L. Whitehead
9 Fourth St. N.E. Apt. 1
Washington, D.C. 20002

4