*Whitehead v. Twentieth Century Fox Film Corp., Inc.*
CIVIL ACTION NO. 1:05-cv-01462-GK

# DECLARATION OF JEANETTE MELENDEZ BEAD

# EXHIBIT 8

Westlaw.

Not Reported in F.Supp.2d
2001 WL 1217227 (N.D.N.Y.)
(Cite as: 2001 WL 1217227 (N.D.N.Y.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. New York.
Raymond JEMZURA, Plaintiff,
v.
MIKOLL, J.P., Mercure, Crew III, White and
Yesawich Jr., JJ., Howard J. Munson,
Frederick Scullin, Carl Mugglin, Eugene Connell,
Public Service Commission,
Maureen J. Ely, Town of Lebanon, Lebanon Town
Board Members, Dianne Simpson,
and John Draghi, Defendants.
No. 99-CV-710.

Sept. 4, 2001.

Raymond Jemzura, Sherburne, New York, Plaintiff, pro se.

Lawrence G. Malone, General Counsel, Public Service Commission, Albany, New York, for Defendants Public Service Commission, Connell and Ely, Michelle L. Phillips, Assistant Counsel, of counsel.

MEMORANDUM-DECISION AND ORDER

MORDUE, J.

I. INTRODUCTION

*1 Plaintiff and his brother, George Jemzura, are well-known litigants in this District having brought several *pro se* actions and proceedings before administrative agencies and state and federal courts over the last twenty years. These suits have arisen from a dispute with New York State Energy and Gas Corporation ("NYSEG") over installation of a power line extension on land adjoining their farm in Sherburne, New York. The Jemzuras contend that NYSEG is obligated to extend electrical service to their property and/or that the New York State Public Service Commission ("PSC") must force NYSEG to do so. NYSEG and PSC have maintained that the Jemzuras--whose farm is located on a private road in the town of Lebanon and is thus "landlocked" by private property--must obtain an easement from one of their neighbors before NYSEG can provide the desired electrical service or, in the alternative, must agree to pay for NYSEG to obtain the necessary easement. The Jemzuras have never obtained the required easement nor have they agreed to reimburse NYSEG for the cost of obtaining the right to install the service line. Instead, the Jemzuras insist that the 1924 Town of Lebanon Franchise Agreement and a 1941 easement from a prior neighbor authorize NYSEG to extend electrical service to their property. However, both the franchise agreement and easement have been conclusively determined to be invalid by the New York State Supreme Court. [FN1] Consequently, the Jemzuras have remained without electrical service and have continued tirelessly to pursue any and all administrative and judicial avenues in an effort to force NYSEG and/or PSC to provide the desired extension line free of charge.

> FN1. In *Jemzura v. New York State Elec. & Gas Corp.,* the Supreme Court held that the 1941 easement which the Jemzuras allege authorizes NYSEG to cross their neighbor's land to construct transmission lines to their property was not binding on the current landowner. No. F-91602, slip op. at 3-5 (N.Y. Sup.Ct., Madison Co. July 31, 1987). Likewise, in *Jemzura v. Town of Lebanon,* the Supreme Court rejected the Jemzuras' claim that the town franchise agreement authorized NYSEG to extend electric service to the Jemzura farm. No. 93-1049, slip. op. at 5 (N.Y. Sup.Ct., Madison Co. Mar. 17, 1993).

Despite their filing of some thirty lawsuits in state and federal courts over the last two decades, "no court to date has ordered NYSEG to provide the Jemzuras with an electrical connection or otherwise found the Jemzuras entitled to any substantive relief." *Jemzura v. New York State Dep't of Motor Vehicles, et al.,* (No. 97-CV-1030) 1998 WL 460256, at *5 (N.D.N.Y. Aug. 3, 1998) (hereinafter *"Jemzura v. DMV"*). In *Jemzura v. DMV,* Hon. Howard G. Munson, U.S. District Court Judge, declared that "the flood of litigation instigated by the Jemzuras must end." Id. Judge Munson issued an injunctive order on August 3, 1998, which provides in pertinent part that:

> the Jemzuras are enjoined from filing any *pro se* civil actions in the United States District Court for the Northern District of New York relating to the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

installation of electrical transmission lines to their home, or which contend that their constitutional rights have been violated as a result of a party's failure to effectuate such installation, without first obtaining prior leave from the court. Any such motion for leave shall be titled "Application Pursuant to Court Order Seeking Leave to File" and must include a citation to or a copy of this Memorandum-Decision and Order.

In addition, in any subsequent proceedings within this district in which the Jemzuras seek leave to file, they must certify that the claims they present are new claims never before raised and disposed of on the merits by any court in this district. Such claims may not include claims against a state or federal judge, officer or employer for actions taken in the course of their official duties exercised in connection with either this litigation or prior litigation related to the aforementioned, now enjoined causes of action. The Jemzuras must also certify that any claim or claims filed hereafter in this district are not frivolous, malicious, or taken in bad faith. Failure to comply strictly with these requirements will be sufficient grounds for summarily denying leave to file and shall result in sanctions, including monetary sanctions. Unless leave from the court is obtained, any document or motion seeking leave to file as described herein by the Jemzuras requires no response from any named party.

*2 Furthermore, the Clerk of the Court of the Northern District of New York is not to accept for filing any paper or proceeding or motion or new case of any kind presented by the Jemzuras, or naming either George or Raymond Jemzura as a party plaintiff or petitioner, which relates to the installation of electrical transmission lines to their home, or which contends that their constitutional rights have been violated as a result of a party's failure to effectuate such installation, without a written order from a judge or a magistrate judge of this district granting the Jemzuras' application for leave to file the same.

Id., at *7. [FN2]

> FN2. Pursuant to a March 17, 1993, order of Hon. Carl J. Mugglin, plaintiff and his brother George were similarly enjoined from "proceeding *pro se* against NYSEG and/or its attorneys in any action seeking the installation of an electric transmission line to the Jemzura family farm in the absence of valid easements and compliance with the applicable tariffs and rates, without approval of the judge or justice before whom the proceeding is sought to be brought." *Jemzura v. Town of Lebanon,* No. 93- 1049, slip. op. at 8.

II.  FACTUAL  AND  PROCEDURAL BACKGROUND

The present action originally named as defendants six state supreme court justices and two federal judges who have rendered unfavorable decisions against plaintiff over the last several years. Also named as a defendant was the New York State Public Service Commission and two of its employees, Eugene Connell and Maureen Ely. Plaintiff also asserted claims against the Town of Lebanon, its Town Board and lawyers Dianne Simpson and John Draghi who are employed by the law firm which has represented NYSEG throughout the many years the Jemzuras have been litigating their alleged right to electrical service installation. The complaint alleges that defendants are liable to plaintiff under 42 U.S.C. § § 1985 and 1986 for conspiring to deny him equal protection of the laws and due process guaranteed by the Fourteenth Amendment in connection with plaintiff's efforts "to obtain electric power on a public right of way in the Town of Lebanon."

It is undisputed that plaintiff did not seek leave to file this action in the Northern District of New York. In fact, the complaint was filed in April 1999 in Supreme Court, Madison County. The United States Attorney, on behalf of defendants Munson and Scullin, removed the action to this Court in May 1999, [FN3] and then made a letter request for *sua sponte* dismissal of the case on the ground that it was commenced in violation of Judge Munson's August 1998 injunctive order. On behalf of defendants Mikoll, Mercure, Crew III, White, Yesawich, Jr. and Mugglin, JJ, the New York State Attorney General joined by letter in the request for *sua sponte* dismissal as did counsel for PSC and individual defendants Ely and Connell. [FN4] This Court denied defendants' letter requests for *sua sponte* dismissal of the complaint and ordered defendants to file formal motions to obtain the desired relief.

> FN3. 28 U.S.C. § 1442(a)(3) provides that an action commenced in state court against "any officer of the courts of the United States for any Act under color of office or in the performance of his duties" may be removed to federal court.

> FN4. The Court notes that defendants Town of Lebanon, the Town Board of Lebanon,

Dianne Simpson and John Draghi have not appeared in this action in this District nor have they joined in any of the other defendants' motions. It is unclear whether any of these defendants were served with plaintiff's complaint in the first instance.

By Memorandum-Decision and Order dated June 13, 2000, this Court granted motions made by defendants Munson, Scullin, Mikoll., Mercure, Crew III, White, Yesawich, Jr., and Mugglin to dismiss on the ground that litigation of the action was precluded by Judge Munson's order. To wit, this Court held:

> In the first instance, the allegations of plaintiff's complaint fall squarely within the parameters of Judge Munson's injunctive order. The complaint makes the very same allegations regarding violation of plaintiff's constitutional rights which have already been conclusively adjudicated in this District against the Jemzuras. [FN5] "To the extent that plaintiff has endeavored to reframe his claims as new constitutional violations, his allegations are either barred by collateral estoppel or are frivolous." *Jemzura v. New York State Elec. & Gas Corp., 1996 WL 280100*, at \*1. In an attempt to conserve judicial resources and curb the Jemzuras' tendency to sue judges, agencies, attorneys and public officials whose professional actions offend them, Judge Munson's order required the Jemzuras to certify in any future litigation in this District that all claims were new claims never before raised and disposed of on the merits. Moreover, "[s]uch claims may not include claims against a state or federal judge, officer or employer for actions taken in the course of their official duties exercised in connection with either this litigation or prior litigation related to the aforementioned, now enjoined causes of action. The Jemzuras must also certify that any claim or claims filed hereafter in this district are not frivolous, malicious, or taken in bad faith ." *Jemzura v. DMV, 1998 WL 460256*, at \*7.
>
>> FN5. *See e.g., Jemzura v. Mugglin, 133 F.3d 907 (2d Cir.1997)* (civil rights complaint against New York State Supreme Court Justices Mugglin, Monserrate, Crew, III, Casey, Weiss, Mikoll, White and Yesawich and U.S. District Court Judge Frederick J. Scullin dismissed); *Jemzura v. New York State Elec. & Gas Corp.,* (No. 95-CV-1012) (N.D.N.Y., Aug. 17, 1995) (Scullin, J.)(civil rights complaint against NYSEG, PSC, PSC employee Eugene Connell and attorney John Draghi dismissed), aff'd, 101 F.3d 684 (2d Cir.1996); *Jemzura v. DMV, 1998 WL 460256* (complaint alleging 42 U.S.C. § 1985 conspiracy against U.S. District Court Judges Thomas J. McAvoy and Lawrence E. Kahn, NYSEG, PSC, PSC employees John O'Mara, Catherine Dudley, Eugene Connell, Cheryl Callahan and Diane Deane and attorneys John Draghi and Dianne Simpson dismissed); *Jemzura v.. Public Serv. Comm'n*, 971 F.Supp. 702 (N.D.N.Y.1997) (complaint alleging 42 U.S.C. § 1983 conspiracy against PSC, PSC employees John O'Mara, Catherine Dudley, Eugene Connell and Cheryl Callahan, NYSEG, and attorneys John Draghi and Dianne Simpson dismissed); *Jemzura v.. Public Serv. Comm'n*, 961 F.Supp. 406 (N.D.N.Y.1997) (complaint alleging 42 U.S.C. § 1983 conspiracy against PSC, PSC employees John O'Mara, Catherine Dudley, Eugene Connell and Cheryl Callahan, NYSEG, Governor George Pataki, attorneys John Draghi and Dianne Simpson and New York State Attorney General Dennis Vacco dismissed); *Jemzura v.. Monserrate, (No. 96-CV-0816) 1996 WL 745470 (N.D.N.Y. Dec. 26, 1996)* (complaint alleging constitutional violations against New York State Supreme Court Justices Monserrate, Mercure, Crew, III, Casey, Weiss, Mikoll, White, and Yesawich and U.S. District Court Judge Scullin dismissed); *Jemzura v. New York State.,* (No. 91-CV-843) (N.D.N.Y., Oct. 20, 1992) (Cholakis, J.) (complaint alleging 42 U.S.C. § 1983 conspiracy against NYSEG, PSC, and New York State Supreme Court Justice Albert Tait dismissed); *Jemzura v. New York State Elec. & Gas Corp.,* (No. 91-CV-843) (N.D.N.Y., Sept. 22, 1994) (Cholakis, J.) (complaint alleging 42 U.S.C. § 1983 conspiracy against Town of Lebanon and its Supervisor, Frank Nickerson dismissed).

\*3 It is undisputed that: 1) plaintiff has not filed any such certification in connection with this litigation; 2) the complaint is based on the very same allegations which have been litigated previously in this Court and 3) the complaint names defendants from each of the prohibited categories referenced above. While plaintiff did not violate the terms of the order *per se* by filing this action in state court, there is little doubt that Judge Munson intended his August 3, 1998, injunctive order to prevent plaintiff from litigating these types

of repetitive and vexatious claims in this District. Moreover, as referenced above, this action, based entirely on alleged violations of federal law and naming two federal judges as defendants, should have been commenced in federal court from the outset where it would have been subject to automatic dismissal based on Judge Munson's injunctive order.

*Jemzura v. Mikoll,* et. al, Civil Action No.: 99-CV-710, slip op. at 11-13 (N.D.N.Y. June 13, 2000). In the same Memorandum-Decision and Order, this Court denied plaintiff's cross-motion to remand the matter to Madison County Supreme Court on the grounds of lack of jurisdiction and procedural defects in the removal process filed in response to the motions to dismiss. [FN6]

> FN6. *See Jemzura v. Mikoll,* et. al, Civil Action No.: 99-CV-710, slip op. at 9 ("When a removable action has been properly removed from state court, a federal district court has no discretion to remand it. *See Khoudary v. Supermarkets Gen. Corp.,* (No. 95-CV-3302) 1996 WL 204496, at *1 (E.D.N.Y. Feb. 12, 1997). Thus, the Court denies plaintiff's motion for remand.")

III. DISCUSSION

Presently before the Court is a motion by the defendant New York State Public Service Commission ("PSC") and two of its employees--Maureen J. Ely and Eugene Connell--also named as defendants herein to dismiss this removed action. [FN7] Defendants move for dismissal of the complaint on the ground that plaintiff was previously **barred** from commencing further "**vexatious** litigation" against state agencies such as PSC and its employees relating to the installation of electrical transmission lines to their home without first obtaining leave of court. Indeed, Judge Munson's order **barred** any subsequent *pro se* claims by plaintiff and his brother which "contend that their constitutional civil rights have been violated as a result of a party's failure to effectuate such installation." *Jemzura v. DMV,* 1998 WL 460256 at *7. Specifically, Judge Munson stated that plaintiff and his brother were precluded from thereafter commencing suit against any "state or federal ... officer or employee for actions taken in the course of their official duties exercised in connection with either this litigation or prior litigation related to the aforementioned, now **enjoined** causes of action." *Id.*

> FN7. Plaintiff did not specifically oppose the present motion. Rather, he and his brother filed the very same set of papers which they served in opposition to the aforementioned motion to dismiss filed by the state and federal judges in this case. The Court thus assumes plaintiff opposes the present motion on the same grounds as the prior motion and requests the same cross-relief by way of remand as he sought previously. In opposition to the present motion by PSC and its defendant employees, plaintiff also filed a copy of a motion he previously filed requesting reconsideration of this Court's prior dismissal of an unrelated petition and a motion requesting that I recuse myself, which motions were denied by way of a Memorandum-Decision and Order dated June 9, 2000. *See Jemzura v. NYSEG,* Civil Action No.: 99-CV-1854, 2000 WL 804640 (N.D.N.Y. June 9, 2000).

Because this Court has previously held that the complaint in this case falls "squarely" within the parameters of Judge Munson's preclusion order and because plaintiff has not filed the required certificate stating that the claims against PSC and its employees are not frivolous or were not commenced in bad faith, the action against these defendants must be dismissed.

IV. CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this matter to Madison County Supreme Court--assuming he made one--is DENIED and the motion to dismiss plaintiff's complaint filed by defendants PSC, Ely and Connell is GRANTED.

*4 IT IS SO ORDERED.

2001 WL 1217227 (N.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 5:99CV00710 (Docket) (May. 06, 1999)

END OF DOCUMENT