IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. WHITEHEAD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. 1:05-cv-01462-GK |
| | : |
| TWENTIETH CENTURY FOX FILM CORP., INC., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MOTION TO STRIKE**

Defendant Twentieth Century Fox Film Corporation, through its undersigned attorneys, hereby moves the Court for an Order striking plaintiff's motion for partial summary judgment. The following Memorandum of Points and Authorities supports the Motion:

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE**

1.  Plaintiff David L. Whitehead commenced this federal copyright infringement action in the Superior Court of the District of Columbia on or around June 29, 2005 (the "Superior Court Action").

2.  Defendant's registered agent for service of process was served with the Summons and Complaint on July 5, 2005.

3.  Plaintiff is a serial litigator, whose pursuit of baseless federal copyright claims is well documented. *See, e.g.*, *Whitehead v. Paramount Pictures Corp.*, 145 F. Supp. 2d 3 (D.D.C. 2001), *aff'd*, No. 01-7062, 2001 WL 936260 (D.C. Cir. July 27, 2001). In the *Paramount* action, Judge Paul L. Friedman of this Court barred him from filing anything further in that case or in any other case dismissed by Judge Friedman unless he first obtained leave to do so, stating that

"Mr. Whitehead has no regard for our judicial system or the drain on its resources caused by his actions." *Id*. at 5. In another action, this one against Judge Friedman and others, Judge Richard W. Roberts entered an order barring plaintiff from commencing any action in this Court without first obtaining leave to file, concluding that "a broader order is needed to protect this court from plaintiff's frivolous conduct." Order (Roberts, J.), in *Whitehead v. Friedman, et al.*, No. 02-1630 (D.D.C. Sept. 5, 2003), at 2. Although plaintiff is aware that copyright actions such as this one must be filed in federal court, he commenced this action in the Superior Court, apparently to avoid the requirement that he first seek leave to pursue any action in this Court. Defendant has submitted herewith a Motion to Dismiss on this ground.

4. On July 25, 2005, defendant timely removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[1]

5. Just days after he commenced the Superior Court Action, on July 5, 2005, plaintiff filed a partial motion for summary judgment, in violation of Superior Court Rule 56(a), which prohibits a claimant from moving for summary judgment before the expiration of twenty days after service of a pleading on an adverse party.

6. To the extent that the motion for partial summary judgment is treated as having been filed in this Court, it is untimely too under Fed. R. Civ. P. 56(a), which prohibits the filing of motions for summary judgment within the 20 days after an action is commenced.

---

[1] On July 26, 2005, plaintiff filed a Motion for Default Judgment in the Superior Court Action, on the ground that defendant had failed to timely respond to plaintiff's Complaint. Defendant's response to plaintiff's Complaint was due on July 25, 2005. On that day, defendant removed the Superior Court Action to this Court. Under Fed. R. Civ. P. 81(c), a defendant who has not answered in state court, must file an answer or present other defenses or objections within 20 days after receiving a summons on an initial pleading, or within 20 days after receiving the initial pleading through service or otherwise, or within 5 days after filing the petition for removal, "whichever is longest." Defendant has complied with the rule.

7.  In addition, as defendant explains more fully in its Motion to Dismiss, plaintiff has been barred from pursuing any action in this Court without first moving for leave to do so. For this reason as well, the motion for partial summary judgment, as well as any other motions or applications filed by plaintiff, should be stricken.

8.  By making this motion, defendant does not waive any objections it may have to service, jurisdiction, or venue, and any other defenses or objections to this action that it is allowed to raise in a timely motion or responsive pleading under the applicable rules.

WHEREFORE, defendant Twentieth Century Fox Film Corporation respectfully requests that the Court enter an Order striking plaintiff's motion for partial summary judgment and any other paper filed by plaintiff in this action.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: August 1, 2005

By:  _____/s/ Jeanette Melendez Bead_____
Elizabeth C. Koch (D.C. Bar No. 412828)
Jeanette Melendez Bead (D.C. Bar No. 480539)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
(202) 508-1100
(202) 861-9888 (facsimile)

Attorneys for Defendant
Twentieth Century Fox Film Corporation