IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

PLAINTIFF,

CASE No. 05—CV-1462 -(GK)

TWENTIETH CENTURY FOX FILM CORP, INC.,

DEFENDANT

*OPPOSITION TO DEFENDANT'S MOTION TO STRIKE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT, REQUESTING PARTIAL SUMMARY JUDGMENT BE GRANTED IN PLAINTIFF'S FAVOR*

Comes now David Louis Whitehead with his opposition to defendant's motion to strike, requesting his motion for partial summary judgment be granted in his favor as follows:

1. The entire mood, plot, characterization of Satan and the struggle and fight between God and Satan and the films (2004-2005) The Passion of the Christ are strikingly similar. *See attached affidavit of David L. Whitehead.*

**CASE LAW and Judgment for Plaintiff.** Plaintiff's complaint, partial motion for summary judgment and his attached affidavits are sufficient to grant his motion in this matter relating to *God v. Satan and The Passion of the Christ.* . Defendant have not argued against the merits of the plaintiff's claims and/or motion for partial summary judgment. Defendant's counsel only argues against the plaintiff having the right to file suit in this forum. On the merit of the claim, plaintiff has established

access to his material by the defendant and their contract agents. Further, plaintiff has established striking similarity between the two works *God v. Satan and The Passion of the Christ*. See Atari Inc. v. North American Philips Consumer Elecs. Corp. 672 F. 2d 607 (7th Cir. 1982), cert denied, 459 U.S. 880 (1982) (superficial alterations made to hide an intentional appropriation); *Shaw v. Lindheim*, 919 F. 2d 1353, 1363 (9th Cir. 1990); also see *Litchfield v. Speilberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) cert. denied., 470 U.S. 1052 (1985) (regarding total concept and feel of the works need not be similar).

2. Here, defendant captured plaintiff's total concept and feel of his work *God v. Satan* to create the 2004 books and 2004 & 2005 films entitled *The Passion of the Christ*. *William v. Crichton*, 84 F.3d at 589; Also see *Nelson v. Grisham*, 942 F. Supp. at 653. See separate attached affidavit opposing defendant's motion to strike partial motion for summary judgment, on "A Guide To the Passion" published by Catholic Exchange, and Tom Allen, "...someone involved in the distribution and marketing of the film".

The Court should deny defendant's motion to dismiss and strike and grant plaintiff's motion for partial summary judgment. Noting that the defendant has failed to file an answer to the plaintiff's complaint, pursuant to Rule 7.

Opposing Motion to Strike Partial Motion for Summary Judgment.

3. Defendant failed to file a timely response in Superior Court. Defendant failed to file an answer and/or response to plaintiff's motion for partial summary judgment. The motion was filed on or about July 5, 2005. Defendant had 13 days to oppose the motion. Defendant failed to do so. As a matter of fact, the court should grant the motion for default judgment and partial summary judgment because defendant failed to respond in the Superior Court in a timely fashion.

4. Standard of Review. Plaintiff's filed his complaint without the assistance of counsel, pro se. The standard, however inartfully pleaded, will be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In considering a motion to dismiss such a complaint for failure to state a claim, plaintiff's factual allegations are presumed to be true and liberally construed in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979). Dismissal is appropropriate only if it appears beyond reasonable doubt that no set of facts proffered in support of the claims would entitle plaintiff to relief. *Martin v. Ezeagu*, 816 F.Supp. 20, 23 (D.D.C. 1993); See *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir.1987). Plaintiff has filed a ligitimate claim for relief. See *Conley v. Gibson* 355 U.S. asserts that "To defend against a Rule 12 (b) (6) motion to dismiss, Federal Rules of Civil Procedure do not require a claimant to set out in details the facts upon which he bases his claim. To the contrary, all the Rule require is "a short and plain statement of the claim," that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests.." This case law Conley v. Gibson, et al., states at 1(b) failure of the complaint to set forth specific facts to support its general allegations....was not a sufficient ground for dismissal of the suit...." In short, Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Pp. 47-48, 229 F.2d 436, reversed.

Plaintiff's complaint and affidavits in support of his motion for partial summary judgment has merit. *The court should issue an order giving the defendants 20 days to show cause why The Passion of the Christ films and books and other assessories should not be impound.* Plaintiff motion should be granted based on the record. Defendant's argument that the plaintiff cannot proceed in court on this merit pursuant to Judge Richard Roberts does not have merit. Judge Roberts lacked jurisdiction over the case *Whitehead v. FEC*, 02cv1630, due to lack of service of the complaint on the defendants in that particular case.

Plaintiff prays that the defendant's motion to strike is denied.

Respectfully,

David Louis Whitehead
9 Fourth St. N.E. Apt. 1
Washington, DC 20002

## Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant on the 9th day of August 2005.

*David L. Whitehead* (signed)

David L. Whitehead