IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

PLAINTIFF,

CASE No. 05—CV-1462 -(GK)

TWENTIETH CENTURY FOX FILM CORP, INC.,

DEFENDANT

CONSOLIDATED *OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OPPOSITION TO STRIKE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT, REQUESTING PARTIAL SUMMARY JUDGMENT BE GRANTED IN PLAINTIFF'S FAVOR*

Comes now David Louis Whitehead with his consolidated opposition to defendant's motion to dismiss and opposition to defendant's motion to strike, requesting his motion for partial summary judgment be granted in his favor.

First, plaintiff is a former Intelligence officer of the United States Central Intelligence Agency (CIA). Plaintiff wish to inform the court that he is the most computer hacked person in the United States. Some entity or intelligence organization has been hacking plaintiff's writing for years to make him look bad. If plaintiff doesn't edit or read his draft and writings, intentional errors, words, and wrong word phases appear in his writings at critical points, which throws off the point. When historians look at plaintiff's legal writings and other works, they will find that errors always appear at key points within the sentence structure.

Plaintiff's emails are also hacked sometimes, with added errors and word phases and words, which does not make sense. That's a part of plaintiff's life, being harassed by peasants. Nonethess, plaintiff states the following reasons for his requests:

Argument 1

1. Defendant has no legal response to the fact that defendant and their agents Mel Gibson and others copied the plaintiff's play "God v. Satan" to create the highly economic successful film and books entitled "The Passion of the Christ". See attached affidavit in support of the plaintiff's motion for a preliminary injunctive order and temporary restraining order (TRO) *(See Attachment 1, 2 & 3, 4 & 5 second amended affidavit, letter from Arena Stage, copyright certificate of the 1995/96 play God v. Satan, affidavit on the some amount earned from the film submitted by CPA Neng-Hsiang Wang and notes on similarity of David Whitehead entitled Copyright Infringement 101).*

Argument 2

2. Defendant's motion to dismiss basic focus of attack is on the case *Whitehead v. Federal Election Commission* (FEC) et al., 02cv1630, before Judge Richard Roberts. However, plaintiff has filed an affidavit with this court that he never served the complaint or complaints on the defendants in that particular case. Plaintiff also argues that Judge Roberts lacked jurisdiction over the case because plaintiff never served the complaint on the defendants. *(See attached affidavit as exhibit/attachment 6).*

3. In the case 02cv1630 *Whitehead v. FEC*, et al., Judge Roberts ruling lacks merit. There was no service of the complaint made on the defendants. There is a pending motion before Judge Roberts to vacate his order due to lack of service on the defendants. (See attachment 7, motion to vacate for lack of service and affidavit) Dw

4. Further, plaintiff wish to assert and/or point out that Judge Roberts had Comcast stocks in plaintiff's case *Whitehead v. CBS/Viacom Inc.*, et al 01cv1192. The matter is under investigation by the FBI under Federal Election Commission (FEC) complaint No. MUR –5237 *See attachments 8, letter to the FEC dated April 11, 2005, with attachment exhibits financial records of Judges Colleen K. Kotelly, Paul L. Friedman, Richard Roberts, Deborah Chasanow, Paul L. Friedman and Cir. Judge Robert B. King. Also see other affidavits, letters and attachments.*

## ARGUMENT 3

5. On matters involving the plaintiff and Judge Friedman. Plaintiff submitted a letter dated July 25, 2005 requesting leave to file recusal motions on cases involving Judge Friedman's financial interest with White & Case, Partners and former Partners and spouses. (See attachment letter as exhibit 9.)

The matter is pending. In addition, plaintiff submitted a letter to Congressman Trent Franks on Judge Friedman and others with attached exhibits. (See attachment letter as exhibit 10).

3

6. Chief House Counsel Julia Tomala is gone. The heat was turned on, and Tomala got out of Washington, D.C. Without having impeachment hearings, issuing subpoenas and/or conducting any sort of investigation, Tomala attempted to obstruct the investigation of Judge Friedman, with her letter, which was submitted to plaintiff.

Plaintiff wrote to Congressman John Conyers, Sheila Jackson Lee and to F. James Sensenbrenner, Jr. on the matter. *(See attachment 11 letter to Reps. Conyers and Jackson-Lee and attached exhibits dated June 24, 2004 and letter dated Feb. 25, 2004 to Sensenbrenner as exhibit 12).* Noting that plaintiff reserve the right to submit page 5 of Congressman Howard Coble's inquiry in letter to Congress.

7. On matters involving the plaintiff and Judge Norma Holloway Johnson. Plaintiff filed a motion for admissions of evidence with affidavit. (See attachment motion as exhibit 13 and The Daily Washington Law Reporter, dated Friday, February 26, 1993, which states that Judge Johnson was appointed to the Nomination Board, along with Judge Friedman and others, and Judge Russell Canan was also considered for a position. Judge Johnson dismissed the civil action Whitehead v. Robert M. Gates, CIA Director, and Eleanor Holmes Norton, 92cv1917, only ten (10) days after she was placed on the defendant Norton's Judicial Nomination Commission. Delegate Norton and President Clinton created the Commission in 1992. Judge Canan received the case *Whitehead v. Paramount Pictures Corp.*, et al., 96cv7386, which was removed to federal court to be assigned to Judge Friedman in November 22, 1996 as *Whitehead v. Paramount Pictures Corp.*, et

4

al., 96cv2436 in district court. Further, evidence will show that Clinton's attorney Robert Bennett had plaintiff's case files for review for representation.).

8. Judge Canan in Superior Court has plaintiff's case *Whitehead v. Wickham*, et al., 05cv3346, pending review for partial summary judgment and jurisdiction and transfer to this forum.

9. On Commissioner Ronald Goodbread's unauthorized ruling. Plaintiff responded to the matter in *Whitehead v. Wickham*, et al., 05cv632, before Judge James Robertson, who dismissed the matter without prejudice. (See attachment order exhibit 14 order of J. Robertson). Also see plaintiff's motion to strike and attachment pleadings as exhibit 15; and also see plaintiff's Response to Commissioner/Magistrate Ronald Goodbread's Memorandum report as exhibit 16).

ARGUMENT 4 on Judge Goodbread's order

10. On or about April 2001, appellant David L. Whitehead created the paper *"Bill Clinton & The Negroes"*.

11. On or about May 2001, David Whitehead submitted the paper *Bill Clinton and the Negroes* to Savoy Magazine in New York City.

12. On or about June, July and September 2001, plaintiff submitted the paper *Bill Clinton and The Negroes* to the Washington Afro American Newspaper and to others for publication law school journals. Noting that the paper was unedited.

13. To refute the plaintiff's paper, President Bill Clinton and Dewayne Wickham jointly collaborated to create Mr. Wickham's book entitled "Bill Clinton and Black America". Noting that Mr. Wickham interviewed President Clinton in August 2001. During this interview, lines were lifted from the plaintiff's paper in the Clinton interview. Clinton paraphrased a discussion in the plaintiff's paper to use for Wickham's interview book Bill Clinton and Black America. Clinton was impeached, disbarred from practicing in the Supreme Court, attempted to fire a federal judge in New York in a criminal case, lied in the Paula Jones deposition, stating that it was only oral, when he knew that the matter was deeper than that! He signed three strikes your out—locking many young blacks in jail, implemented a welfare program without having a significant foundation to sustain progress for the sisters-black women, took pictures with black folks and invited them to the White House, as cover of his con policy, then he hid behind blacks in Harlem and now hiding behind the bushes.

Did Clinton participate in this action or these acts? Of course he did, and plaintiff sued him in *Whitehead v. Clinton*, et al., 99cv2891, before several judges. The case was decided by Judge Friedman. Judge Friedman's friend Carol Lamm received a political appointment from Mr. Clinton, which was related to Indonesia and the Campaign Finance Investigation.

14. On February 2002, defendants Dewayne Wickham and Random House publishers created the book *Bill Clinton and Black America*, stemming from appellant's paper Bill Clinton and the Negroes.

6

15. Defendants Wickham and Random House's book *Bill Clinton and Black America* is a replica of the plaintiff's *Bill Clinton and The Negroes*. For instance, both works have interviews and short analysis. Both works discusses the history of the US Presidency in relations to Black America and Clinton policies and relationship and criticism involving Black America. In short, defendant Wickham used plaintiff's work to create his interview book *Bill Clinton and Black America*. Even Magistrate Judge Ronald Goodbread states in his 55 page Memorandum order that Mr. Wickham did not write the book *Bill Clinton and Black America*, but less Wickham's work consists mainly of interviews. Noting that Judge Goodbread did not receive a signed consent agreement from the parties to hear the Small Claims matter <u>Whitehead v. Wickham,</u> et al.

16. The court's courtroom clerks informed the Judge Goodbread that the parties did not consent to a Magistrate Judge hearing the matter, but Judge Goodbread ignored the information and proceeded to preside over the case].

    a. History of Legal Events in <u>Whitehead v. Wickham,</u> et al., 2004-SC-3015207).

    b. David Whitehead filed suit against defendants Wickham and Random House Inc in December 2004.

    c. On January 14, 2005, the Small Claims case <u>Whitehead v. Wickham</u>, et al., 2004 SC-3015207 was announced in Small Claims Court before Judge Goodbread. Courtroom clerk Nathaniel Spates and a female clerk informed Magistrate Judge Goodbread that the parties did not consent to

7

having a Magistrate Judge participate on the case. Nonetheless, Judge Goodbread heard the case over the objections of plaintiff.

d. Judge Goodbread dismissed the case without prejudice.

e. On or about January 21, 2005, plaintiff filed a "Consolidation Emergency Motion for Reconsideration, Review, Leave to Amend Complaint, Recusal and Certification to Superior Court to District Court in an Expedited Ruling." Moreover, Mr. Whitehead filed a misconduct against Magistrate Judge Goodbread for hearing a case without having the authority to do so.

f. A misconduct complaint was filed against Magistrate Goodbread. The complaint was submitted to Judge Joan Zeldon and Chief Rufus King III. Nothing has come of the alleged misconduct because the court failed to refer the matter to the appropriate forum. Plaintiff has not filed it in the proper forum.

g. On or about February 18, 2005, parties again appeared before Judge Goodbread. Plaintiff informed the court that he did not consent to a Magistrate Judge hearing the matter. The court again heared oral arguments and decided to rule on the matter at a later date. The court also requested the fax number of the attorney for the defendants.

Mr. Whitehead obtain the fax information from opposing Counsel Laura Husbands and gave it to Judge Goodbread and his courtroom clerk Nathaniel Speight (fax number of Ms. Husbands). Evidence suggests that there was ex

8

parte communication between defendant's counsel and Judge Goodbread and others.

h. On or about February 2005, Mr. Whitehead filed another lawsuit against the defendants Wickham and Random House Inc in the Superior Court.

i. The case *Whitehead v. Wickham* et al, 05ca1405 was assigned to Judge Mary Terrell. Judge Terrell recused herself from the action because she was a Clinton appointee.

j. Mr. Whitehead served the defendants with the complaint, and filed a motion for consolidation of the Small Claims case *Whitehead v. Wickham*, et al., 2004-sc-3015207 with the Superior Court case *Whitehead v. Wickham,* et al., 05ca1405 before Judge Terrell.

k. Judge Terrell denied Mr. Whitehead's unopposed motion for consolidation of the two lawsuits entitled *Whitehead v. Wickham.*

l. Plaintiff moved with reconsideration and recusal due to the fact he learned that Judge Terrell is a Clinton appointee. Moreover, Judge Terrell attended Georgetown University, witness and former defendant in cases involving plaintiff. However, prior to her recusal the case had already been removed to federal court and assigned to Judge James Robinson.

m. Defendants Wickham and Random House through their attorney Ms. Husbands removed the Superior Court case *Whitehead v. Wickham*, et al., 05ca1405 to the district court.

n. In the United States District Court for the District of Columbia, the case *Whitehead v. Wickham* et al., ca-1405 was assigned as *Whitehead v. Wickham*, et al., 05cv632 before Clinton appointee Judge James Robertson.

o. In *Whitehead v. Wickham*, et al., 05cv632, defendants through their lawyer made a number of errors and false assertions in their motion to dismiss. However, Mr. Whitehead filed pleadings and evidence, which counter-punched all of the alleged assertions in the defendant's motion to dismiss. Moreover, Mr. Whitehead served discovery interrogatories on the defendants, which would definitely point the finger to the former President Bill Clinton, who was interviewed by defendant Wickham in August 2001 in Harlem, New York. This interview on its face appears to be taken from writing analysis of the plaintiff's paper Bill Clinton and The Negroes. Lines in the paper Bill Clinton and the Negroes appears in the Clinton interview with Wickham. If Bill Clinton was involved with refutation of the paper Bill Clinton and The Negroes, he was also involved with *Whitehead v. Paramount Pictures Corporation,* et al., 96cv2436, and *Whitehead v. Clinton*, et al 99cv2891 before Judge Friedman. Noting that Paramount Pictures is a Viacom company. Judge Friedman previously represented Bankers Trust, which was connected to the 1996 Campaign Finance Investigation relating to Charlie Trie, John Huang, Maria Haley, Maria Hsia, Ex Im Bank, Blockbuster of Viacom, Pauline Kanchanalak, Mark Jemenez, Mark Grobmyer, James Riady, LIPPO, Indonesia and

others. Hillary Clinton received Viacom money through book deals, which was investigated by the Senate. As a matter of fact, the Washington Post, Viacom and the Clintons have the same lawyers: Williams and Connolly LLP, which represented Paramount Pictures in the civil action *Whitehead v. Paramount Pictures,* et al., 96cv2436 and *Whitehead v. Columbia Pictures Industries Inc and Paramount Pictures,* et al., 98cv2938 before Judge Friedman. See attached excerpts of book Partners in Power at page 432 on "Holly ticking" a process for curry Hollywood money. Judge Friedman later was assigned criminal and copyright cases involving Viacom, Charlie Trie, Paula Kanchanalak, Maria Hsia, and Mark Jemenez, while Delegate Eleanor Holmes Norton blocked immunity deals in the US House of Representatives and Michael Mandigan worked the Senate on Campaign Finance. Further, evidence points to the fact that Clinton appointee James Robertson dismissed the case *Whitehead v. Washington Post and the American Media.* Judge Robertson received the case *Whitehead v. Wickham,* 05cv632. Nonetheless, Mr. Whitehead requested that Judge Robertson recuse himself from the case due to the recusal order of Judge Terrell, a Clinton appointee. However, Judge Robertson refused to recuse himself. *See Law Professor Ronald Rotunda Wall Street Journal article dated March 2000 on Judges Friedman and Robertson; also see attorney Laurack Bray's opposition to Confirmation hearing of Chief Judge Judith Rogers.*

11

p.  Judge Robertson entertained the case. The court dismissed the case without prejudice. See attached order. Plaintiff has requested that the court remand the case pursuant to Circuit Judge A. Wagner's order, which advised plaintiff to request a remand. However, Judge Robertson denied the motion. The matter pending in the US Court of Appeals for the District of Columbia on plaintiff paying sanctions which were based on fraud. It appears that defendant mistakenly went on the record with unfounded attacks and statement on the merit of the case. And the plaintiff counterattacked the argument was merit. Judge Robertson denied the remand request because he does not wish to have that information in the Superior Court with the related case. Nonetheless, in the above captioned case, defendants claim that plaintiff is prohibited from filing suits in this court is without merit. *See plaintiff's attached affidavit that he never served defendants before Judge Richard Roberts in Whitehead v. FEC, 02cv1630.* Judge Roberts lacked jurisdiction to hear the matter, and his ruling in is moot. There was never any service of the complaints on the defendants.

## More on Judges Goodbread, Terrell and the District Court's Judge Robertson

q.  In district court Defendants through their attorney Ms. Hubands submitted the Memorandum order of Judge Goodbread ( who never had consent of the parties to hear the case *Whitehead v. Wickham*). As a matter of fact, the district court's docketing system filed the Memorandum order of

12

        Magistrate Judge Goodbread as if the Small Claims court certified the case to district court instead of Superior Court.

r.  To the contrary, in the district court evidence was filed that Judge Goodbread's 55 page Memorandum order was certified to Calendar 5 of the Superior Court Judge Terrell, who recused herself after the case was removed to the district court. This action made Judge Terrell's recusal motion moot because the court took action only after the case *Whitehead v. Wickham*, et al, 05ca1405 was removed from Superior Court to district court. Plaintiff filed a notice of appeal on the action of Judge Terrell and the removal of the case.

s.  Judge Terrell's denial of Mr. Whitehead's motion for consolidation of the two related cases Whitehead v. Wickham, et al., basically allowed time for Judge Goodbread and his law clerk to write a 55 page slanderous order attacking plaintiff's legal history. More interesting and importantly, Magistrate Judge Goodbread had information on possible judicial corruption and abuse of power of Judges Paul L. Friedman, Colleen Kotelly and Deborah Chasanow and others, but the court failed to discuss these issues or report of alleged judicial corruption filed by plaintiff in his pleadings and in the record in Small Claims Court.. *Noting that a failure to report wrongdoings by officers of the law by a Judge or lawyer of the United States is criminal in nature. Judge Goodbread failed to address the alleged misconduct of Judges Friedman, Kotelly, and*

13

*Chasanow and others in his 55 page memorandum order attacking Mr. Whitehead.*

t.  Further, Magistrate Judge Goodbread certified the case *Whitehead v. Wickham*, et al., 2004-SC-3015-207 to Superior Court without allowing plaintiff time to respond to the ruling as stated in his 55 page Memorandum order. Noting that plaintiff attempted to filed a response to the ruling of Judge Goodbread, but neither the Small Claims Court Clerk nor Superior Court clerk's office would accept it as a filed document. In short, the clerk's office refused to accept Mr. Whitehead's response to the ruling. Mr. Whitehead appealed the matter of not having a judicial forum to respond to Judge Goodbread's 55 page ruling. The case *Whitehead v. Wickham*, et al., 05ca1405 was removed to federal court as assigned as 05cv632 Whitehead v. Wickham, et al. The case is pending on appeal pending the plaintiff paying sanctions, which were based on fraud. Nonetheless, Judge Goodbread's certification was moot. There was no case to consolidate the Small Claims matter with. Judge Robertson would not remand the case. Case 2004-sc-3015207 *Whitehead v. Wickham,* et al., became 05ca-3346 *Whitehead v. Wickham*, et al., was later assigned to Judge Canan. It is currently pending. See attached Washington Reporter dated February 26, 1993, on Judge Johnson's nomination to the Judicial Commission, which also mentions Judge Canan's name in the article.

u. Last, before his illness Judge Goodbread was disseminating his 55 page ruling all over the Superior Court and elsewhere. The employees of the Superior Court was discussing his behavior. Judge Goodbread retaliated against the plaintiff for filing the misconduct complaint against him. And his ruling should be vacated. His order has extreme bias, since Small Claims Court docs not hear federal copyright lawsuits. Moreover, there was no consent for a Magistrate to hear the case. Judicial bias in violation of due process rights. See *Bianchi v. Rylaars Dam*, 334 F.3d 895 (9th Cir. 2003).

v. Rule 59 and 60, 60b applies in this case due to a mistake and/or fraud upon the court, lacking jurisdiction. There was no consent for a Magistrate Judge Goodbread to hear the case.

w. Plaintiff had requested that Judge Goodbread's ruling to be vacated and for another judge. The matter is pending before Judge Canon as *Whitehead v. Wickham*, et al, 05ca3346.

## ARGUMENT FIVE

17. CASE LAW and Judgment for Plaintiff. Plaintiff's complaint, partial motion for summary judgment and his attached affidavits are sufficient to grant his motion in this matter relating to *God v. Satan and The Passion of the Christ.*

18. Standard of Review. Plaintiff's filed his complaint without the assistance of counsel, pro se. The standard, however inartfully pleaded, will be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). In considering a motion to dismiss such a complaint for failure to state a cliam, plaintiff's factual allegations are presumed to be true and liberally construed in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Phillips v. Bureau of Prisons, 591 F.2d 966, 968 (D.C. Cir. 1979). Dismissal is appropropriate only if it appears beyond reasonable doubt that no set of facts proffered in support of the claims would entitle plaintiff to relief. Martin v. Ezeagu, 816 F.Supp. 20, 23 (D.D.C. 1993); See Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir.1987). Plaintiff has filed a ligitimate claim for relief. See Conley v. Gibson 355 U.S. asserts that "To defend against a Rule 12 (b) (6) motion to dismiss, Federal Rules of Civil Procedure do not require a claimant to set out in details the facts upon which he bases his claim. To the contrary, all the Rule require is "a short and plain statement of the claim," that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.." This case law Conley v. Gibson, et al., states at 1(b) failure of the complaint to set forth specific facts to support its general allegations....was not a sufficient ground for dismissal of the suit...." In short, Federal Rules of Civil Procedure do not require a claimant to set

16

out in detail the facts upon which he bases his claim. Pp. 47-48, 229 F.2d 436, reversed. Defendant have not argued against the merits of the plaintiff's claims and/or motion for partial summary judgment. Defendant's counsel only argues against the plaintiff having the right to file suit in this forum. On the merit of the claim, plaintiff has established access to his material by the defendant and their contract agents. Further, plaintiff has established striking similarity between the two works *God v. Satan and The Passion of the Christ*. See Atari Inc. v. North American Philips Consumer Elecs. Corp. 672 F. 2d 607 (7th Cir. 1982), cert denied, 459 U.S. 880 (1982) (superficial alterations made to hide an intentional appropriation); *Shaw v. Lindheim*, 919 F. 2d 1353, 1363 (9th Cir. 1990); also see *Litchfield v. Speilberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) cert. denied., 470 U.S. 1052 (1985) (regarding total concept and feel of the works need not be similar).

Here, defendant captured plaintiff's total concept and feel of his work *God v. Satan* to create the 2004 books and 2004 & 2005 films entitled *The Passion of the Christ. William v. Crichton, 84 F.3d at 589; Also see Nelson v. Grisham, 942 F. Supp. at 653. See separate attached affidavit opposing defendant's motion to strike partial motion for summary judgment, on "A Guide To the Passion" published by Catholic Exchange, and Tom Allen, "...someone involved in the distribution and marketing of the film".*

The Court should deny defendant's motion to dismiss and grant plaintiff's motion for partial summary judgment. Noting that the defendant has failed to file an answer to the plaintiff's complaint, pursuant to Rule 7.

ARGUMENT 6, Opposing Motion to Strike Partial Motion for Summary Judgment.

17. Defendant failed to file a timely response in Superior Court. Defendant failed to file an answer and/or response to plaintiff's motion for partial summary judgment. The motion was filed on or about July 5, 2005. Defendant had 13 days to oppose the motion. Above named defendant has failed to plead. Therefore, the court should grant the motion for partial summary judgment because defendant failed to respond in the Superior Court in a timely fashion. See affidavit opposing motion to strike.

Respectfully,

*[signature]*

David Louis Whitehead
9 Fourth St. N.E. Apt. 1
Washington, DC 20002

18

## Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant on the 9th day of August 2005.

*/s/ David L. Whitehead*

David L. Whitehead