IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2005 AUG -9 PM 3:56
NANCY M.
MAYER-WHITTINGTON
CLERK

DAVID L. WHITEHEAD,

PLAINTIFF,

CASE No. 05—CV-1462 -(GK)

TWENTIETH CENTURY FOX FILM CORP, INC.,

DEFENDANT

*OPPOSITION TO DEFENDANT'S MOTION TO STRIKE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT, REQUESTING PARTIAL SUMMARY JUDGMENT BE GRANTED IN PLAINTIFF'S FAVOR*

Comes now David Louis Whitehead with his opposition to defendant's motion to strike, requesting his motion for partial summary judgment be granted in his favor as follows:

1. The entire mood, plot, characterization of Satan and the struggle and fight between God and Satan and the films (2004-2005) The Passion of the Christ are strikingly similar. *See attached affidavit of David L. Whitehead.*

**CASE LAW and Judgment for Plaintiff.** Plaintiff's complaint, partial motion for summary judgment and his attached affidavits are sufficient to grant his motion in this matter relating to *God v. Satan and The Passion of the Christ.* . Defendant have not argued against the merits of the plaintiff's claims and/or motion for partial summary judgment. Defendant's counsel only argues against the plaintiff having the right to file suit in this forum. On the merit of the claim, plaintiff has established

access to his material by the defendant and their contract agents. Further, plaintiff has established striking similarity between the two works *God v. Satan* and *The Passion of the Christ*. See *Atari Inc. v. North American Philips Consumer Elecs. Corp.* 672 F. 2d 607 (7th Cir. 1982), cert denied, 459 U.S. 880 (1982) (superficial alterations made to hide an intentional appropriation); *Shaw v. Lindheim*, 919 F. 2d 1353, 1363 (9th Cir. 1990); also see *Litchfield v. Speilberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) cert. denied., 470 U.S. 1052 (1985) (regarding total concept and feel of the works need not be similar).

2. Here, defendant captured plaintiff's total concept and feel of his work *God v. Satan* to create the 2004 books and 2004 & 2005 films entitled *The Passion of the Christ*. *William v. Crichton*, 84 F.3d at 589; Also see *Nelson v. Grisham*, 942 F. Supp. at 653. *See separate attached affidavit opposing defendant's motion to strike partial motion for summary judgment, on "A Guide To the Passion" published by Catholic Exchange, and Tom Allen, "...someone involved in the distribution and marketing of the film".*

The Court should deny defendant's motion to dismiss and strike and grant plaintiff's motion for partial summary judgment. Noting that the defendant has failed to file an answer to the plaintiff's complaint, pursuant to Rule 7.

Opposing Motion to Strike Partial Motion for Summary Judgment.

3. Defendant failed to file a timely response in Superior Court. Defendant failed to file an answer and/or response to plaintiff's motion for partial summary judgment. The motion was filed on or about July 5, 2005. Defendant had 13 days to oppose the motion. Defendant failed to do so. As a matter of fact, the court should grant the motion for default judgment and partial summary judgment because defendant failed to respond in the Superior Court in a timely fashion.

4. Standard of Review. Plaintiff's filed his complaint without the assistance of counsel, pro se. The standard, however inartfully pleaded, will be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In considering a motion to dismiss such a complaint for failure to state a claim, plaintiff's factual allegations are presumed to be true and liberally construed in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979). Dismissal is appropriate only if it appears beyond reasonable doubt that no set of facts proffered in support of the claims would entitle plaintiff to relief. *Martin v. Ezeagu*, 816 F.Supp. 20, 23 (D.D.C. 1993); See Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir.1987). Plaintiff has filed a ligitimate claim for relief. See Conley v. Gibson 355 U.S. asserts that "To defend against a Rule 12 (b) (6) motion to dismiss, Federal Rules of Civil Procedure do not require a claimant to set out in details the facts upon which he bases his claim. To the contrary, all the Rule require is "a short and plain statement of the claim," that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests.." This case law Conley v. Gibson, et al., states at 1(b) failure of the complaint to set forth specific facts to support its general allegations....was not a sufficient ground for dismissal of the suit...." In short, Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Pp. 47-48, 229 F.2d 436, reversed.

Plaintiff's complaint and affidavits in support of his motion for partial summary judgment has merit. *The court should issue an order giving the defendants 20 days to show cause why The Passion of the Christ films and books and other assessories should not be impound.* Plaintiff motion should be granted based on the record. Defendant's argument that the plaintiff cannot proceed in court on this merit pursuant to Judge Richard Roberts does not have merit. Judge Roberts lacked jurisdiction over the case *Whitehead v. FEC*, 02cv1630, due to lack of service of the complaint on the defendants in that particular case.

Plaintiff prays that the defendant's motion to strike is denied.

Respectfully,

*[signature]*

David Louis Whitehead
9 Fourth St. N.E. Apt. 1
Washington, DC 20002

4

## Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant on the 9th day of August 2005.

*[signature]*
David L. Whitehead

IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

       PLAINTIFF,

                                                               CASE No. 05—CV-1462 -(GK)

TWENTIETH CENTURY FOX FILM CORP, INC.,

       DEFENDANT

AFFIDAVIT OF DAVID LOUIS WHITEHEAD IN *OPPOSITION TO DEFENDANT'S MOTION TO STRIKE HIS PARTIAL MOTION FOR SUMMARY JUDGMENT, AND SUPPORT FOR HIS MOTION FOR PARTIAL SUMMARY JUDGMENT*

    I David L. Whitehead testify under the laws of perjury that the following is true to the best of my ability:

I am a person over the age of 18 years old.

Letters attached to my opposition to dismissed were submitted to members of Congress.

I created God v. Satan in 1995 – 1996.

The films and books The Passion of the Christ were created in 2004 and 2005.

A true copy of excerpts from the book entitled "A Guide To The Passion (100 Questions About The Passion of The Christ) is attached. See Title and cover pages, copyright page, pages 1, 2, 3, 10, 11, 12, 16, 17, 18, 19, 37, 38, 40, 41, 53, 58 and 61. "A Guide To the Passion" published by Catholic Exchange, and Tom Allen, "...someone involved in the distribution and marketing of the film" as Exhibit A.

A true copy of excerpts of the Play God v. Satan are attached as Exhibit B. pp. Intro, 3, 4, 5, 8, 39, 44, 58, 59, 73, 74, 75, 76, 77, 78, 79, 80, 81, 83, 82, 84, 85, 86, God's Victory over Satan page.

As a plaintiff in case Whitehead v. Federal Election Commission, Paul L. Friedman, et al., 02cv1630, before Judge Richard Roberts, I did not served the complaint or amended complaint on any of the defendants.

## Striking Similarity

The entire plot, mood, characterization of Satan and his struggle and fight with God in the Plaintiff's play "God v. Satan" (1995-96) and the defendant's work "The Passion of the Christ" (2004-2005) are strikingly similar. Both works depicts the battles between God and Satan in the Garden of Eden and Garden of Gethsemane. There is interplay and plot functions in the two works with Satan and God. Further, there is the arrest of John and Satan tempts Jesus during the sequences of events in God v. Satan. The same sequence of the events are depicted in the films and books The Passion of the Christ. Satan appearance in the scene when Pontius Pilate is speaking to the Jews on the fate of Jesus appears in God v. Satan. This same scene appears in the film The Passion of the Christ. Satan screaming and his agony over Jesus's victory in death and resurrection is depicted in God v. Satan. The same scene is depicted in the film The Passion of the Christ. Further, "A Guide To the Passion" concludes with discussion on Muhammad, as in the Play God v. Satan, which concludes with scenes involving Muhammad. This was a massive infringement and RICO efforts by defendants and their agents.

Satan has a speaking voice in both God v. Satan and The Passion of the Christ. For instance, Satan speaks in the Garden of Eden and in the Garden of Gethsemane. Further in God v. Satan screams No, No, No near the end of the play. Both works depicts the four Gospels, and four trials of Jesus, with the exception that the works The Passion of the Christ sensationed the brutal beating of Jesus to resemble the slave portrait of a black man.

***CASE LAW and Judgment for Plaintiff***. Plaintiff's complaint, partial motion for summary judgment and his attached affidavits are sufficient to grant his motion in this matter relating to *God v. Satan and The Passion of the Christ*. . Defendant have not argued against the merits of the plaintiff's claims and/or motion for partial summary judgment. Defendant's counsel only argues against the plaintiff having the right to file suit in this forum. On the merit of the claim, plaintiff has established access to his material by the defendant and their contract agents. DreamWorks Pictures had access to plaintiff's God v. Satan, and his poem In A Box Controlled By House Negroes and CIA Book. Plaintiff's previous submitted affidavit and amended alleges that he gave his intellectual property to Mike Malone, who in turn gave the work *God v. Satan* to her agent DreamWorks Pictures, which produced the infringing *Prince of Egypt*. DreamWorks also used the plaintiff's poem for the creation of Amistad, which was co-produced by Ms. Allen and sponsored by the Clinton White House. DreamWorks Pictures "Prince of Egypt" and Walt Disney's "Hercules" are striking identical films. DreamWorks Jeffrey Katzenberg previously worked for Walt Disney. In addition, DreamWork Pictures executives (Steven Speilberg and David Geffen) according to the Senate Investigation on Campaign Finance 1996 made sleepovers in the White House. Julia Roberts and Denzel Washington were both in contact with the plaintiff and his CIA book. Ms. Roberts starred with Mel Gibson in the film *Conspiracy Theory,* which plaintiff sued over before Judge Friedman. There are lines in the plaintiff's poem In A Box Controlled by House Negroes, which links the work to the infringing film Conspiracy Theory. Sources states Denzel Washington's wife was involved with Ms. Allen in Amistad.

3

This connection between Mel Gibson, Roberts, Washington, and DreamWorks Pictures links the creators of *Amistad,* Prince of Egypt and The Passion of the Christ to plaintiff's CIA book "Brains, Sex, & Racism in the CIA And The Escape", In a Box Controlled by House Negroes, and God v. Satan."

Moreover, DreamWorks Pictures Director Steven Speilberg is deeply connected to Mission Impossible actor and producer Tom Cruise. The entire case of the plaintiff has merit with these connections. *See Access Case Law: See Baxter, supra; Hoffman v. Pressman 70 F. Supp. 498 (D. N.J. 1990)... Also Golding v. R.K.O. Pictures Inc., 35 Cal. 2d 690, 695 (1950). Aldon Accessories Ltd. v. Spigel, Inc. 738 F.2d 548 (2d Cir. 1984), cert. Denied, 469 U.S. 982; Morse v. Fields, 127 F. Supp. 63, 66 (S.D. N.Y. 1954) and Sid Marty Krofft Television Prods Inc., v. McDonald's Corp., 562 F.2d 1157, 1172 (9th Cir. 1977). In short, access has been established in this case based on plaintiff's sworn statement.*

Further, plaintiff has established striking similarity between the two works *God v. Satan and The Passion of the Christ.* See Atari Inc. v. North American Philips Consumer Elecs. Corp. 672 F. 2d 607 (7th Cir. 1982), cert denied, 459 U.S. 880 (1982) (superficial alterations made to hide an intentional appropriation); *Shaw v. Lindheim,* 919 F. 2d 1353, 1363 (9th Cir. 1990); also see *Litchfield v. Speilberg,* 736 F.2d 1352, 1357 (9th Cir. 1984) cert. denied., 470 U.S. 1052 (1985) (regarding total concept and feel of the works need not be similar). Here, defendant captured plaintiff's total concept and feel of his work *God v. Satan* to create the 2004 books and 2004 & 2005 films entitled *The Passion of the Christ. William v. Crichton,* 84 F.3d at 589; *Also see Nelson v. Grisham,* 942 F. Supp. at 653.

In 2005, defendant and their agents release an edited version entitled The Passion of the Christ to conceal the infringement of God v. Satan. However, this new release also captures striking resemblance of the work God v. Satan because deleted scenes of the severe beating of Jesus, which is not depicted in God v. Satan, but in the first release of the film "The Passion of the Christ". Defendant has failed to plead in response to plaintiff's motion for partial summary judgment and default, pursuant to Rules 56 and 7.

Defendant failed to file a timely response in Superior Court. Defendant failed to file an answer and/or response to plaintiff's motion for partial summary judgment. The motion was filed on or about July 5, 2005. Defendant had 13 days to oppose the motion. Defendant failed to do so. As a matter of fact, the court should grant the motion for default judgment and partial summary judgment because defendant failed to respond in the Superior Court in a timely fashion.

*Standard of Review.* Plaintiff's filed his complaint without the assistance of counsel, pro se. The standard, however inartfully pleaded, will be held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In considering a motion to dismiss such a complaint for failure to state a claim, plaintiff's factual allegations are presumed to be true and liberally construed in plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Phillips v. Bureau of Prisons*, 591 F.2d 966, 968 (D.C. Cir. 1979).

Plaintiff's complaint and affidavits in support of his motion for partial summary judgment has merit. *The court should issue an order giving the defendants 20 days to show cause why The Passion of the Christ films and books and other assessories should not be impound.* Plaintiff's motion should be granted based on the record.

5

Defendant's argument that the plaintiff cannot proceed in court on the merit of his claim is frivolous. Judge Richard Roberts did not have jurisdiction in 02cv1630 Whitehead v. FEC, et al. There was no service of the complaint made on the defendants. Judge James Robertson entertained plaintiff's case in Whitehead v. Wickham, et al, 05cv632, dismissing the case without prejudice. *See Order in that case*.

The district court Judge Richard Roberts entertained the fraud upon the court and retaliated against the plaintiff for writing a favorable play The Rise Fall & Rise of A Mayor The Life of Marion S. Barry, which involved Judge Roberts, as a Government prosecutor in the case. Judge Roberts prosecuted Mr. Barry. The court entertained the fraud upon the court by Roscoe Howard's US Attorney Office and the Government. See Rule 60 b Fraud Upon The Court. Although there is a major scandal and embarrassment involving officers of the court (Judges Friedman and Roberts and others) judgment should be issued in favor of the plaintiff.

*[signature]*
David Louis Whitehead


Date: August 8, 2005

6