UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2005 AUG 18  PM 2: 59
NANCY M.
MAYER-WHITTINGTON
CLERK

DAVID L. WHITEHEAD,

      PLAINTIFF,


V.                                    CASE No. 05CV1462     GK

20TH CENTURY FOX FILM,

      DEFENDANT.


## SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT


COMES Now plaintiff David L. Whitehead with his second motion for partial summary judgment based on his attached affidavit and opposition brief with exhibits.

Opposing Counsel does not consent to the motion.

Plaintiff motion for partial summary judgment is timely. Based on the record in its entirety, including plaintiff amended affidavit and opposition and exhibits and other pleading in the record, plaintiff's motion should be granted.

Defendant and their agents copied plaintiff's characterization of Satan and his plight against God in God v. Satan. For instance, there is no historical record that Satan appears in scenes when Pontius Pilate was talking to the Jews on the fate of Jesus. Moreover, there is no historical fact or record that Satan screams after Jesus's death and resurrection, defeating death. In totality of the historical records, including lines, scenes, events and plot functions, defendants copied plaintiff's storyline development in God v.

Satan to create their infringing works (film and books) The Passion of the Christ. Plaintiff's work also has Satan leading Judas to the Garden of Gethesmane. In the film The Passion of the Christ, it begins with Satan tempting Jesus in the Garden of Gethesmane.

"The test of substantial similarity in the 8th Circuit is "Whether the work is recognizable by an ordinary observer as having been taking from the copyrighted source." See Wihtol v. Crow, 309 F.2d 777, 780 (8th Cir. 1962). See also Warner Bros. V. ABC, 654 F.2d 204, 208 (2d Cir. 1981) under any formulation it is clear that "Slight differences and variations will not serve as a defense, at Wihtol, 309 F.2d at 780, and that there is substantial similarity where enough material of substance and value has been taken so that an ordinary observer would recognize that there is borrowing from the original. See Animal Fair, at 188 quoting Atari, Inc., 672 F.2d at 614. The copying need not be slavishly detailed. See Comptone Co. v. Rayex Corp. 251 F.2d 487, 488 (2nd Cir. 1958) per curiam, so long as the accused work has captured the "Total Concept and Feel" of the copyrighted work." See Atari Inc., 672 F.2d at 614; Roth Greeting Cards v. United Card Co., 429 F.2d. 1110 (9th Cir. 1970)." Here, the defendant and their agents captured the plaintiff's characterization, plot, storyline, mood, sequence of events of God v. Satan, to create their works entitled "The Passion of the Christ" films and books. See attached amended affidavit. Also see attachment opposition to strike in support of partial summary judgment and excerpts of God v. Satan and the book "A Guide To the Passion". On access, plaintiff submitted his material God v. Satan to Mike Malone of Howard University, who is connected to Debbie Allen. Ms. Allen co-produced DreamWorks Pictures Amistad film. DreamWorks used the plaintiff's poem "In A Box Controlled by

2

House Negroes, which has lines, that resembles dialogue and scenes in Amistad and the

film Conspiracy Theory, which involved Mel Gibson. Mr. Gibson directed the infringing

film The Passion of the Christ. Clearly, the circumstantial and substantial evidence

linking Mr. Gibson with the producers of DreamWorks on God v. Satan, is sufficient to

show a jury on access. DreamWorks Pictures also produced the film The Prince of

Egypt, which was based on God v. Satan. Access is clear in this matter. In short, the

court should grant plaintiff's motion for partial summary judgment.


In conclusion, plaintiff prays that the court will grant his motion.

David L. Whitehead
9 Fourth St. N.E. Apt. 1
Washington, D.C. 20002

3

Substantial Similarity

The test of Substantial Similarity in the 8th Circuit is "Whether the work is recognizable by an ordinary observer as having been taken from the copyrighted source." See Wihtol v. Crow, 309 F. 2d 777, 780 (8th Cir. 1962)  See also Warner Bros. V. ABC 654 F. 2d 204, 208 (2d Cir. 1981) under any formulation it is clear that "Slight differences and variations will not serve as a defense, Wihtol, 309 F. 2d at 780, and that there is substantial similarity where enough material of substance and value has been taken so that an ordinary observer would recognize that there is borrowing from the original."  See Animal Fair, at 188 quoting Atari, Inc. 672 F.2d at 614.  The copyring need not be slavishly detailed, Comptone co. v. Rayex Corp. 251 F.2d 487, 488 (2d Cir. 1958)  Per Curiam, so long as the accused work has captured the "total concept and feel" of the copyrighted work." See Atari Inc 672 F. 2d at 614; Roth Greeting Cards v. United Card co., 429 F. 2d 1110 (9th Cir. 1970).


( Copyright)
(Access)
Substantial or Striking Similarity
If no access, then must show Substantial similarity or striking and copying.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID LOUIS WHITEHEAD,

PLAINTIFF,

V.                                      C.A. No. 05-CV-1462

JUDGE KESSLER, J. GK

TWENTIETH CENTURY FOX FILM CORP. INC.,

DEFENDANTS

SECOND AMENDED AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (TRO)

Comes Now plaintiff David L. Whitehead with his amended affidavit in support of plaintiff's motion for partial summary judgment, preliminary injunction and temporary restraining order (TRO) as follows:

I David Louis Whitehead testify under the laws of perjury to the following statements:

I am a person over the age of 18 years old.

I created The Play God v. Satan on or about 1995-1996.

I am an adjunct professor at Southeastern University in Washington, D.C. I have taught at Strayer University in Newington, Virginia.

I have taught college courses in the following area:

Comparative Political Systems, American Government, World Religion, Oral

Communications, Humanities, Reading, Creative Writing.

I am Marquis Who's Who for the past several years.

In 1990, I received the Central Intelligence Agency's Exceptional Performance Award

for Superior Accomplishment.

I have lectured on the Federick D. Patterson Research Institute Program honoring Brown

v. Board of Education.  I have written nearly 20 plays, 3 books, and many articles.  I have

several unpublished manuscript.

I submitted The Play God v. Satan to the following individuals and entities:

- Mike Malone at Howard University.

- Arena Stage.

- Dorrance Publishing.

- University of Maryland Department of Theatre.

- Phil.

- The Library of Congress.

Mr. Malone is connected to Debbie Allen, co-producer of Dreamworks Pictures film

Amistad.

I sued Dreamworks Pictures in the case *Whitehead v. Dreamworks Pictures*, et al.,

98cv1917 and Whitehead v. Dreamworks Pictures, et al., 98cv2938.

2

The first law suit 98cv1917 involved Amistad. Dreamworks used my play *The Big Bad Wolf...*, and poem, *In a box controlled by House Negroes* and Barbara Chase Riboud's *Echo of Lions* to create the film. The latter case 98cv2938 involved The play God v. Satan and Dreamworks "Prince of Egypt". The poem In A Box Controlled... has lines which were used in Amistad. "Give us a message to set us free" v. "Give Us Free". Interplay with the characters, whereas, questions about whether a black man was a brother or white man were used in both works, taken from plaintiff's poem.

I met Julia Roberts and Denzel Washington during the shooting of the film Pelican Brief at the Georgetown University Law Center. I gave Mr. Washington a copy of my CIA book entitled "Brains, Sex, & Racism In the CIA And The Escape" (1992, Equality America Press). He did not return it.

Ms. Roberts co-starred with Mel Gibson in the film "Conspiracy Theory". I sued the producers over the film "Conspiracy Theory" involving my CIA book, which was given to Denzel Washington on the set of Pelican Brief, with Julia Roberts. The film Conspiracy Theory also used the theme and lines from my poem *In a Box Controlled by House Negroes*. The line in the poem "I can't get away from the CIA", was used as the central plot for the film. The latter informatiton links Mel Gibson to DreamWorks Pictures and my material "God v. Satan". DreamWorks also used the poem for scenes in Amistad. Gibson had a reasonable opportunity to obtain access to the my work God v. Satan through DreamWorks Pictures.

3

In 2004, defendant, along with Mel Gibson and others created the film *The Passion of the Christ*, which grossed billions of dollars. I received an affidavit from a CPA named Neng Hsing Wang on some of the moneys made from the film *The Passion of the Christ*.

Defendant copied my play *God v. Satan* to create books and films The Passion of the Christ (2004) and new release (2005).

Defendant copied the plaintiff's satanic characterization and interplay of Satan in his material *God v. Satan*, to create scenes in the film and work *The Passion of the Christ* as follows:

- My work begins with the creation of the world, and leads to Satan tempting God in the Garden of Eden. P. 8. The same scene is depicted in the film The Passion of the Christ. Whereas, there are glimpses of the creation of the world with Satan tempting Jesus in the Garden of Gethsemane.

- In *God v. Satan*, Satan leads Judas from the Last Supper to Garden of Gethsemane. Pp. 73-74. In the film *The Passion of the Christ* the character Satan is with Jesus before Judas arrives with the Chief Priests and others.

- In *God v. Satan*, Satan is depicted in scene, whereas Pontius Pilate is talking to the Jews on the fate of Jesus. P. 81. The same scene is depicted in the film The Passion of the Christ, with Pilate speaking to the Jews, while Satan is in the background.

- In *God v. Satan*, Satan screams after Jesus's death and resurrection. Satan also screams after Jesus's death and resurrection in the film The Passion of the Christ.

- Both works used English and Hebrew translations.

4

- Both works used the four Gospels and trials of Jesus. There is striking similarity in the selection of lines used in both works.

- In both works *God v. Satan* and *The Passion of the Christ*, the plot, mood, setting, theme and storylines are the same, using the struggle between God and Satan as the main emphasis of the projects God's victory over Satan is highlighted in the work *God v. Satan.* The same storyline is depicted in the film and books *"The Passion of The Christ."*

    In short, defendant cannot earthly prove that some of the above scenes were in the historical bible. Plaintiff's original expression of his ideas in *God v. Satan* were used in the film and book versions of the film *"The Passion of the Christ"*. Therefore, the court must grant copyright protection for *God v. Satan* (1995-96) when compared to the identical striking material *"The Passion of the Christ* (2004-2005).

    According to case law, plaintiff needs only demonstrate a fair chance of success on the merits for an injunction to issue. See *Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers,* 584 F.2d 308, 315 (9th Cir. 1978) Cert. Denied, 441, U.S. 937, 99 S. Ct. 2065 (1979).

    The facts here amply demonstrate the two prerequisites for such reliefs. Moreover, since both a substantial and significant irreparable injury are present here, the injunctions should issue. The public interest can only be served by upholding copyright protection for God v. Satan. *Apple v. Franklin,* 714 F.2d at 1254, & *Apple v. Formula,* 725 F.2d. at 525. The court should impound defendants merchandise as a result of defendant's operation of its infringing products. See Attachment motion 1    Dcl

Further, to obtain a preliminary injunction, "a party must show either (1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." *Apple Computer Inc., v. Formula Intl Inc.*, 725 F.2d 521, 523 (9th Cir.).

Based on the following analysis of *God v. Satan* and *The Passion of the Christ,* the court should rule in favor of the plaintiff in this case:

God v. Satan was written in 1995-96 and *The Passion of the Christ* was created in 2004 and 2005.

*God v. Satan* begins with the creation of the world and leads to the Garden of Eden with Satan arguing with God.  The Passion of the Christ depicts the creation of the world during the scene with Satan and Jesus in the Garden of Gethsemane.  Satan argues with Jesus.  God v. Satan depicts Satan leading Judas from the Last Supper to the Garden of Gethesmane.   The Passion of the Christ begins with Satan confronting Jesus in the Garden of Gethesmane and Judas arrives later with the Chief Priests and others.
Both God v. Satan and The Passion of the Christ used the four Gospels and four trials of Jesus.  Both works used English and Hebrew languages translations.
God v. Satan depicts Satan in the background applauding, while Pontius Pilate talks to the Jews on the fate of Jesus.   The Passion of the Christ has Satan in the background while Pontius Pilate talks to the Jews on the fate of Jesus.   Satan does not have a speaking voice in both works pertaining to the latter scene.   God v. Satan depicts Jesus's death and resurrection and Satan screaming because he is defeated.   The Passion of the Christ depicts Jesus's death and resurrection and Satan screaming because he is defeated.

The central and main plot of both works God v. Satan and The Passion of the Christ is the battle between God and Satan, and Jesus's victory over Satan in death and resurrection.

There is striking similarity in the mood, sequence of events, and total concept and feel of the two works in question.

David Louis Whitehead

July 28, 2005

7

Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant's lawyer on the 28th day of July 2005.

David Louis Whitehead