IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID L. WHITEHEAD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 1:05-cv-01462-GK |
| | : | |
| TWENTIETH CENTURY FOX FILM CORP., INC., | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION TO STAY
### CONSIDERATION OF, AND OPPOSITION TO,
### PLAINTIFF'S SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(f), defendant Twentieth Century Fox Film Corporation hereby moves to stay consideration of Plaintiff's Second Motion for Partial Summary Judgment. The grounds for this Motion are set forth in the accompanying Memorandum of Points and Authorities, which defendant hereby incorporates by reference.

WHEREFORE, defendant Twentieth Century Fox Film Corporation respectfully requests that the Court grant its Motion.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: August 29, 2005   By: /s/ Elizabeth C. Koch
   Elizabeth C. Koch (D.C. Bar No. 412828)
   Jeanette Melendez Bead (D.C. Bar No. 480539)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
(202) 508-1100
(202) 861-9888 (facsimile)

Attorneys for Defendant
Twentieth Century Fox Film Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID L. WHITEHEAD, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :   CIVIL ACTION NO. 1:05-cv-01462-GK |
| | : |
| TWENTIETH CENTURY FOX FILM CORP., INC., | : |
| | : |
|     Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO STAY**

Defendant Twentieth Century Fox Film Corporation, through its undersigned attorneys, respectfully submits this Memorandum of Points and Authorities in support of its Motion to Stay Consideration of, and Opposition to, Plaintiff's Second Motion for Partial Summary Judgment.

**INTRODUCTION**

In this action, plaintiff David L. Whitehead alleges that defendant used his copyrighted work – a play entitled "God v. Satan" – as the basis for the internationally distributed motion picture, "The Passion of the Christ." Defendant has filed a motion, arguing that the case should be dismissed because an Order entered by Judge Richard W. Roberts of this Court precludes this vexatious plaintiff from pursuing any future action in this Court without first seeking leave to do so. In the meantime, plaintiff has barraged the Court and defendant with numerous "filings," including a Motion for Recusal, a Motion for Temporary Restraining Order against the U.S.

Marshal's Office and a Second Motion for Partial Summary Judgment.[1] Given that the Court's resolution of defendant's Motion to Dismiss should dispose of this case in its entirety, and given that the parties have not even filed their Joint Meet and Confer Statement or met with the Court for the Initial Scheduling conference, plaintiff's Second Motion for Partial Summary Judgment is premature. Accordingly, defendant respectfully requests that the Court stay consideration of plaintiff's Second Motion for Partial Summary Judgment at least until the Court resolves defendant's Motion to Dismiss. If the Motion to Dismiss is denied, defendant should be given an opportunity to conduct discovery to oppose Plaintiff's Second Motion for Partial Summary Judgment.

## STATEMENT OF FACTS

This is a copyright infringement action arising from the internationally distributed motion picture, "The Passion of the Christ." Compl. at 2. Plaintiff David L. Whitehead alleges that defendant infringed his copyright play, "God v. Satan." *Id*.

Plaintiff first commenced this action in the Superior Court of the District of Columbia. Because federal courts have exclusive jurisdiction of federal copyright claims, on June 25, 2005, defendant timely removed this action to this Court. Promptly thereafter, defendant filed a Motion to Dismiss, arguing that an Order entered by Judge Richard W. Roberts in *Whitehead v. Friedman*, No. 1:02-cv-01630-RWR (D.D.C.)("Judge Roberts' Order"), bars plaintiff from pursuing an action in this Court without first seeking leave to do so. Defendant also filed a

---

[1] On August 1, 2005, defendant filed a Motion to Strike plaintiff's first Motion for Partial Summary Judgment. *See* Docket Entry No. 5 in *Whitehead v. Twentieth Century Fox Film Corp.*, No. 1:05-cv-01462-GK (D.D.C.). In the Motion to Strike, defendant argues that Plaintiff's Motion for Partial Summary Judgment – which was initially filed in the Superior Court of the District of Columbia before the case was removed to this Court – is untimely under either the Superior Court rules or the Federal Rules of Civil Procedure.

2

Motion to Strike plaintiff's first Motion for Partial Summary Judgment on the grounds that it is both untimely and barred by Judge Roberts' Order.[2]

In accordance with this Court's August 3, 2005 Scheduling Order, plaintiff and counsel for defendant met face-to-face on August 18 for a Rule 26(f) conference. Declaration of Elizabeth C. Koch ("Koch Declaration") ¶ 3. During the Rule 26(f) conference, plaintiff delivered to counsel for defendant a Second Motion for Partial Summary Judgment. *Id*. ¶ 5. The parties' Joint Meet and Confer Statement is due on or before September 2, 2005, and the Initial Scheduling Conference is set for September 9, 2005.

## **LEGAL ARGUMENT**

Rule 56(f) of the Federal Rules of Civil Procedure "recognizes the essentiality of discovery in defending a summary judgment motion." *Dyson v. Winfield*, 113 F. Supp. 2d 35, 42 (D.D.C. 2000), *aff'd sub nom.*, *Dyson v. Pharmacia & Upjohn Co., Inc.*, No. 01-7031, 2001 WL 1297493 (D.C. Cir. Sept. 12, 2001). It provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to

---

[2] Plaintiff now contends that Judge Roberts lacked jurisdiction to enter such an Order because the defendants in that case were not served with the Complaint. Plaintiff's contention is meritless. First, it is axiomatic that "[s]ervice of process . . . is properly regarded as a matter discrete from a court's jurisdiction to adjudicate a controversy of a particular kind." *Henderson v. United States*, 517 U.S. 654, 671 (1996). Otherwise, courts would have no jurisdiction to dismiss a Complaint on the basis of improper service of process. *See* Fed. R. Civ. P. 12(b)(5). Second, even if one or more of the defendants was not properly served, the docket in the case before Judge Roberts – of which this Court may take judicial notice – establishes that at least one of the defendants voluntarily agreed to the Court's jurisdiction. *See, e.g.,* Docket Sheet in *Whitehead v. Friedman*, No. 1:02-cv-01630-RWR (D.D.C.) (attached as Exhibit 1 to the Koch Declaration) at Entry No. 21 ("Motion to Dismiss Amended Complaint by Federal Communications Commission") (seeking dismissal for failure to exhaust administrative remedies and failure to state a claim, *not* insufficient service of process) and Entry No. 32 ("Memorandum in opposition to motion re 31") (opposing plaintiff's motion to sever case).

3

>be taken or discovery be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The purpose of the rule is to "prevent a party from being 'railroaded' by 'premature motions.'" *Dyson*, 113 F. Supp. 2d at 42. Indeed, "[c]ourts have noted that pre-discovery summary judgment motions are premature and should only be used for exceptional circumstances." *Barry v. United States Capitol Guide Board*, No. Civ. A. 04-0168 (RBW), 2005 WL 1026703, *4 (D.D.C. May 2, 2005) (attached as Exhibit 2 to the Koch Declaration). For these reasons, Rule 56(f) motions should be granted "'almost as a matter of course unless the nonmoving party has not diligently pursued discovery of the evidence.'" *Berkeley v. Home Ins. Co.*, 68 F.3d 1409, 1414 (D.C. Cir. 1995) (citation omitted).

There can be no question that plaintiff's Second Motion for Partial Summary Judgment is premature. Until the parties met for the Rule 26(f) conference a little over a week ago, the parties were prohibited from engaging in any discovery whatsoever. *See* Fed. R. Civ. P. 26(d) (prohibiting any party from seeking discovery before the Rule 26(f) conference). Thus, defendant has had no meaningful opportunity to discover facts that would assist it in opposing plaintiff's motion.

For example, as best as defendant can tell, plaintiff argues that he is entitled to partial summary judgment because, he alleges, he has demonstrated defendant's access to his copyrighted work and because, he contends, the works at issue are substantially similar. With respect to his argument on access, plaintiff avers as follows:

>On access, plaintiff submitted his material God v. Satan to Mike Malone of Howard University, who is connected to Debbie Allen Ms. Allen co-produced DreamWorks Pictures Amistad film. DreamWorks used the plaintiff's poem "In A Box Controlled by House Negroes," which has lines,[sic] that resembles[sic] dialogue and scenes in Amistad and the film Conspiracy Theory, which involved Mel Gibson. Mr. Gibson directed the infringing

4

> film The Passion of the Christ. Clearly, the circumstantial and substantial evidence linking Mr. Gibson with the producers of DreamWorks on God v. Satan, is sufficient to show a jury on access.

Pl.'s Second Mot. for Partial S.J. at 2-3. At a minimum then, defendant is entitled to discover through interrogatories, requests for admissions and plaintiff's deposition testimony the true facts concerning plaintiff's distribution of his copyrighted work. *See* Koch Declaration ¶ 8. Even plaintiff implicitly concedes the need for discovery by serving last week his own interrogatories and document requests, seeking information regarding such matters as how "The Passion of the Christ" was created, the relationships between defendant and DreamWorks Pictures and others, and whether defendant "had previous knowledge of the writings and cases of David L. Whitehead." Pl.'s First Set of Interrogatories and Document Requests (attached as Exhibit 3 to the Koch Declaration).

Other considerations warrant a stay under the circumstances as well. In Judge Roberts' Order in *Whitehead v. Friedman*, this vexatious plaintiff was prohibited from pursuing any future claims in this court without leave to do so. Plaintiff has violated that order in this case, which therefore should promptly be dismissed. For this reason, the Court should use the discretion granted under Rule 56(f) to "make such other order as is just" and delay consideration of plaintiff's Second Motion for Partial Summary Judgment until the Court has resolved the pending Motion to Dismiss. *See Honeywell Info. Sys., Inc. v. Hodges*, 85 F.R.D. 339, 341 (D.D.C. 1980) (withholding action on plaintiff's motion for summary judgment because defendants' motions to dismiss "if decided adverse to the plaintiffs, would be dispositive of these cases"), *aff'd sub nom.*, *Control Data Corp. v. Baldrige*, 665 F.2d 283 (D.C. Cir. 1981). Alternatively, if the Motion to Dismiss is denied, the Court should stay consideration of

Plaintiff's Second Motion for Partial Summary Judgment to allow defendant to engage in discovery.

## CONCLUSION

For all of the foregoing reasons, defendant Twentieth Century Fox Film Corporation respectfully requests that the Court enter an Order staying the consideration of Plaintiff's Second Motion for Partial Summary Judgment pending the resolution of Defendant's Motion to Dismiss and, if necessary, until such time as defendant has had a meaningful opportunity to engage in discovery to oppose the motion.

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.

Dated: August 29, 2005

By: _____/s/ Elizabeth C. Koch_____
Elizabeth C. Koch (D.C. Bar No. 412828)
Jeanette Melendez Bead (D.C. Bar No. 480539)
1050 Seventeenth Street, N.W., Suite 800
Washington, D.C. 20036
(202) 508-1100
(202) 861-9888 (facsimile)

Attorneys for Defendant
Twentieth Century Fox Film Corporation