IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVID L. WHITEHEAD,** | : |
| | : |
|     **Plaintiff,** | : |
| | : |
| v. | :    CIVIL ACTION NO. 1:05-cv-01462-GK |
| | : |
| **TWENTIETH CENTURY FOX FILM** | : |
| **CORP., INC.,** | : |
| | : |
|     **Defendant.** | : |

### DECLARATION OF ELIZABETH C. KOCH

Elizabeth C. Koch, pursuant to 28 U.S.C. § 1746, declares:

1. I am a member of Levine Sullivan Koch & Schulz, L.L.P., counsel to defendant Twentieth Century Fox Film Corporation.

2. I submit this declaration in support of Defendant's Motion to Stay Consideration of, and Opposition to, Plaintiff's Second Motion for Summary Judgment and to put before the Court documents relevant to the motion.

3. On August 18, 2005, the plaintiff acting *pro se* and Elizabeth Koch and Jeanette Melendez Bead, counsel for the defendant, met and conferred pursuant to Fed. R. Civ. P. 26(f) and LCvR 16.3.

4. In accordance with Fed. R. Civ. P. 26(d), neither party had engaged in discovery before that date.

5. Nevertheless, at the beginning of the conference, plaintiff delivered to defendant's counsel a copy of his Second Motion for Partial Summary Judgment.

6. In the Motion, plaintiff argues that he is entitled to partial summary judgment because, he alleges, he has demonstrated defendant's access to his copyrighted work and because, he contends, the works at issue are substantially similar.

7. To support his assertion that defendant had access to his copyrighted work, plaintiff avers, among other things, that he "submitted his material God v. Satan to Mike Malone of Howard University, who is connected to Debbie Allen. Ms. Allen co-produced DreamWorks Pictures Amistad film. DreamWorks used the plaintiff's poem 'In A Box Controlled by House Negroes,' which has lines,[sic] that resembles[sic] dialogue and scenes in Amistad and the film Conspiracy Theory, which involved Mel Gibson. Mr. Gibson directed the infringing film The Passion of the Christ." Pl.'s Second Mot. for Partial S.J. at 2-3.

8. Although defendant's Motion to Dismiss should dispose of this case in its entirety, should the Court deny the motion, defendant will seek to discover through interrogatories, requests for admissions and plaintiff's deposition testimony the true facts concerning plaintiff's distribution of his copyrighted work in order to rebut plaintiff's averments. For these reasons, and for the reasons set forth in Defendant's Motion to Stay Consideration of, and Opposition to, Plaintiff's Second Motion for Partial Summary Judgment, Plaintiff's Motion is premature.

9. Attached as Exhibit 1 is a true copy of the docket in *Whitehead v. Friedman*, No. 1:02-cv-01630-RWR (D.D.C.), which is being submitted herewith in support of Defendant's Motion.

10. Attached hereto as Exhibit 2 is a true copy of *Barry v. United States Capitol Guide Board*, No. Civ. A. 04-0168 (RBW), 2005 WL 1026703 (D.D.C. May 2, 2005), which is being submitted herewith in support of Defendant's Motion.

11. Attached hereto as Exhibit 3 is a true copy of Plaintiff's "First Set of Interrogatories and Production of Document Requests Served on Defendant," which is being submitted herewith in support of Defendant's Motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true.


Dated: August 29, 2005                                    /s/
                                                   Elizabeth C. Koch
                                                   (D.C. Bar No. 412828)