**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID L. WHITEHEAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 05-1462 (GK) |
| | ) |
| TWENTIETH CENTURY FOX FILM | ) |
| CORP., INC., | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM OPINION</u>

Plaintiff, David L. Whitehead, brings this action <u>pro</u> <u>se</u> against Defendant, Twentieth Century Fox Film Corp., Inc. ("Twentieth Century Fox"), alleging copyright infringement in violation of 17 U.S.C. §§ 101 <u>et</u> <u>seq.</u>. This matter is before the Court on Defendant's Motion to Dismiss the Complaint. Upon consideration of the Motion, Opposition, and the entire record herein, and for the reasons stated below, Defendant's Motion is hereby **granted.**

I.    **BACKGROUND**[1]

Plaintiff, an author, poet, and playwright, contends that Defendant unlawfully infringed on his copyrighted musical play "God v. Satan" in the creation and production of its motion picture Tʜᴇ

_____

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true and liberally construed in favor of the plaintiff. <u>EEOC v. St. Francis Xavier Parochial School</u>, 117 F.3d 621, 625 (D.C. Cir. 1997). Therefore, the facts set forth herein are taken from the Complaint or from the undisputed facts presented in the parties' briefs.

PASSION OF THE CHRIST (Newmarket Film Group 2004). That film,
Plaintiff claims, is a "direct cop[y] of [his] copyrighted
materials." See Compl. at 5. To his copyright claim, Plaintiff
also appends federal claims under the Lanham Act, 15 U.S.C. §§ 1501
et seq., and the Racketeer Influenced and Corrupt Organizations Act
(RICO), 18 U.S.C. §§ 1961 et seq., as well as several state law
claims including negligence, fraud, and breach of fiduciary duties.
Compl. at 1. In addition to $850,000,000 in damages, Plaintiff
seeks impoundment of all products related to THE PASSION OF THE CHRIST
Id. at 20.

Plaintiff initiated this action in the Superior Court of the
District of Columbia ("the Superior Court") on June 30, 2005. On
July 25, 2005, Defendant properly removed the matter to this Court.

On August 1, 2005, Defendant Twentieth Century Fox filed its
Motion to Dismiss the Complaint.

## II. ANALYSIS

Twentieth Century Fox claims that Plaintiff has failed to
state a claim upon which relief can be granted and asks this Court
to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6).
Defendant's Mot. Dismiss at 1. Without addressing the merits of
Plaintiff's allegations, Defendant argues that because Plaintiff
has been enjoined "from commencing any action in this Court without

2

first obtaining leave to file,"[2] and because Plaintiff did not seek such leave before bringing the instant case, this action cannot proceed in this Court.  Id. at 3.

Defendant alleges that Plaintiff filed this case in the Superior Court knowing that jurisdiction was improper there and with the expectation that it would be removed to this Court.  Id. at 5.  In essence, Defendant characterizes Plaintiff's filing in the Superior Court as mere subterfuge, an attempt to circumvent "the intent and spirit of Judge Roberts' order" barring Plaintiff from maintaining any actions in this Court  without first seeking leave to do so.  Id. at 6.

Pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

_____

[2] Two injunctions have in fact been issued against Plaintiff in this Court.  In February 2001, three years after dismissing Plaintiff's claim that the film MISSION IMPOSSIBLE infringed on his copyrighted autobiography, Judge Paul L. Friedman enjoined Plaintiff from filing, without leave, any further motions either in that action or in any of Plaintiff's other cases that had been dismissed by judges sitting on this Court.  Judge Friedman cited Plaintiff's "[dis]regard for our judicial system [and] the drain on resources caused by his actions" as the ground for the injunction.  See Whitehead v. Paramount Pictures Corp. et al., 145 F. Supp. 2d 3, 4 (D.D.C. 2001).  In September 2003, after Plaintiff sued Judge Friedman for civil rights and RICO violations, Judge Richard W. Roberts concluded that "a broader injunction is needed to protect this Court from Plaintiff's frivolous lawsuits," and enjoined him from bringing any action whatsoever in this Court without first obtaining leave to do so.  See Whitehead v. Friedman et al., No. 02-1630, Order at 1 (D.D.C. Sept. 5, 2003).  It is Judge Roberts' 2003 injunction that Defendant argues is a bar to this action.

his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."). As noted supra, the factual allegations of the complaint must be liberally construed in favor of the plaintiff. EEOC, 117 F.3d at 625.

Viewing the facts in the light most favorable to Plaintiff, the Court finds that this action should be dismissed for failure to state a claim upon which relief can be granted. For the reasons discussed infra, Plaintiff had to have known at the time he filed this action in the Superior Court that only a federal court could exercise subject matter jurisdiction over his copyright infringement claim and that Defendant would, of necessity, remove the matter to this Court. See Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 231 (1964) (noting that 28 U.S.C. § 1338(a) vests the federal courts with exclusive jurisdiction over patent and copyright cases). As a result, the Court agrees with Twentieth Century Fox that Plaintiff's actions in this case were calculated to evade the injunction issued against him in 2003 and that that injunction bars further proceedings in this matter.

Although Plaintiff appears pro se, he is hardly unfamiliar either with the jurisdiction and procedures of both state and federal courts generally or with copyright infringement claims in

particular.  Over the past decade, Plaintiff has filed no fewer
than ninety four civil actions in state and federal courts,
including dozens of federal copyright infringement claims.  See
Whitehead v. Wickham et al., No. 15207-04, Mem. Order at 1 (D.C.
Super. Ct.  Mar. 31, 2005).  Of the twenty six actions Plaintiff
has brought in this Court, eleven have involved claims of copyright
infringement.[3]  See Whitehead v. Paramount Pictures Corp. et al.,
145 F. Supp. 2d at 4.

Plaintiff has found elements of his essays, poems, and plays
in some of the most popular films of the past decade and has
accordingly sued several of the nation's largest film and media
entities in this Court.  Each of these cases has been dismissed and
each dismissal has been affirmed on appeal.[4]  Either the trial

---

[3]  In addition to his copyright infringement claims, Plaintiff
has brought various actions in this Court against: Georgetown
University; the Washington Post; the Internal Revenue Service; the
United States Department of Justice; each of the past five
Directors of the Central Intelligence Agency; former Attorney
General Janet Reno; former Solicitor General Drew Days; District of
Columbia Delegate Eleanor Holmes Norton; and former President
William J. Clinton.

[4]  See Whitehead v. Columbia Pictures Industries, Inc., No.
98-2938, Mem. Op. (D.D.C. June 14, 2000) (dismissing case), aff'd,
2001 WL 135853 (D.C. Cir. Jan. 19, 2001); Whitehead v. Paramount
Pictures Corp., 53 F. Supp. 2d 38 (D.D.C. 1999) (dismissing case),
aff'd, Appeal Nos. 99-7137 and 99-7197 (D.C. Cir. April 19, 2000),
cert. denied, 531 U.S. 1033 (2000); Whitehead v. Warner Bros., No.
97-0752, Mem. Op. (D.D.C. June 14, 2000) (dismissing case), aff'd,
2001 WL 135775 (D.C. Cir. Jan. 19, 2001); Whitehead v. Metro
Goldwyn Mayer, No. 98-0256, Mem. Op. (D.D.C. June 14, 2000)
(dismissing case), aff'd, 2001 WL 135848 (D.C. Cir. Jan. 19, 2001);
Whitehead v. DreamWorks, No. 98-1917, Mem. Op. (D.D.C. June 14,
(continued...)

court judge or the U.S. Court of Appeals for the District of Columbia Circuit has imposed sanctions against Plaintiff or awarded attorneys' fees to defendants' counsel in most of these actions.[5] In the instant case, Plaintiff again claims that a major film studio, Twentieth Century Fox, has unlawfully used his own work in a popular film, THE PASSION OF THE CHRIST.

Plaintiff's extensive experience litigating copyright infringement claims would itself suggest that he was aware, when he filed this case in the Superior Court of the District of Columbia, that the federal courts retain exclusive jurisdiction over these matters. Even assuming that Plaintiff has not long known that the Superior Court cannot hear copyright infringement claims, however, he was placed on full notice of that fact earlier this year when he filed <u>Whitehead v. Wickham</u> in that court. <u>See</u> <u>Whitehead v. Wickham</u>

---

[4](...continued)
2000) (dismissing case), <u>aff'd</u>, 2001 WL 135852 (D.C. Cir. Jan. 19, 2001); and <u>Whitehead v. New Line Cinema</u>, No. 98-1231, Mem. Op. (D.D.C. June 14, 2000) (dismissing case), <u>aff'd</u>, 2001 WL 135850 (D.C.Cir. Jan. 19, 2001).

[5] <u>See</u>, <u>e.g.</u>, <u>Whitehead v. Columbia Pictures Industries, Inc.</u>, No. 98-2938, Mem. Opinions (D.D.C. June 14, 2000 and Jan. 24, 2001) (awarding attorneys' fees); <u>Whitehead v. Columbia Pictures Industries, Inc.</u>, 2001 WL 135853 (D.C. Cir. Jan. 19, 2001) (imposing sanctions and awarding attorneys' fees); <u>Whitehead v. Dreamworks</u>, 2001 WL 135852 (D.C. Cir. Jan. 19, 2001) (same); <u>Whitehead v. New Line Cinema</u>, 2001 WL 135850 (D.C. Cir. Jan. 19, 2001) (same); <u>Whitehead v. Metro Goldwyn Mayer</u>, 2001 WL 135848 (D.C. Cir. Jan. 19, 2001) (same); <u>Whitehead v. Warner Bros.</u>, 2001 WL 135775 (D.C. Cir. Jan. 19, 2001) (same).

et al., No. 15207-04, Mem. Order at 1 (D.C. Super. Ct.  Mar. 31, 2005).

Whitehead v. Wickham involved a claim by Plaintiff against author DeWayne Wickham and publisher Random House Incorporated, in which he alleged that the book Bill Clinton and Black America (Ballantine Books, 2002) infringed on his copyrighted essay "Bill Clinton and the Negroes."  Despite a claim for damages in excess of $3,000,000, Plaintiff filed the case in the Small Claims and Conciliation Branch of the Superior Court.  The jurisdiction of that Branch is limited to claims under $5,000.  See D.C. CODE § 11-1321.  The case was referred to Magistrate Judge Ronald Goodbread who, in ordering the case to be certified to the Superior Court's Civil Division, issued a lengthy opinion detailing Plaintiff's extensive litigation experience.  See Whitehead v. Wickham et al., No. 15207-04, Mem. Order at 1 (D.C. Super. Ct.  Mar. 31, 2005).

In at least four separate places, Judge Goodbread's opinion explains in no uncertain terms that Plaintiff's copyright claim could not be maintained in the Superior Court, that it would almost certainly be removed to this Court and that, once removed, it would likely be dismissed because of Judge Roberts' 2003 injunction.  See id. at 4, 35, 40-42, and 48.  Judge Goodbread states, for instance, that Plaintiff "knows full well, having filed every other copyright suit in Article III courts, that he literally has no business here."  Id. at 48.  More pointedly, he warns Plaintiff that he

brought his claim against Mr. Wickham and Random House "in a court in which his action does not properly lie . . . and [that the case] would only inevitably end up being removed to an Article III court, which has already guaranteed him that he will be sanctioned severely for pursuing such misbegotten claims."  Id. at 4.

Judge Goodbread's predictions about the fate of Plaintiff's action in fact came true.  One day after Whitehead v. Wickham was certified to the Superior Court, the defendants removed the case to this Court.  Two weeks later, Judge James Robertson of this Court granted the defendants' motion to dismiss.  See Whitehead v. Wickham et al., No. 05-632, Order Granting Def.'s Mot. Dismiss (D.D.C. Apr. 14, 2005).

There is absolutely no question that Plaintiff has been on notice since at least April 14, 2005 -- and undoubtedly long before[6] -- that only federal courts can exercise subject matter jurisdiction over copyright matters.  Given that reality, his filing this case in the Superior Court in June 2005 could be nothing but an attempt to circumvent Judge Roberts' 2003 injunction against him.  C.f. Jemzura v. Mikoll, No. 99-CV-710, 2001 WL 1217227 (N.D.N.Y. 2001).  Because that injunction remains valid,

---

[6]Judge Goodbread observed:
> Whitehead has known for at least the five years since one of his early "Columbia copyright" cases that such a case could not be engrafted onto a state-level court because it could never survive a "removal" action.  Mem. Order at 41.

and because Plaintiff did not seek leave to file this case in accordance with it, his action against Defendant cannot proceed in this Court.

**III. CONCLUSION**

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss is **granted.**

An Order will issue with this Memorandum Opinion.


                                        /s/
August 29, 2005                         Gladys Kessler
                                        U.S. District Judge