UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

PLAINTIFF,

V.                              CASE No. 05CV1462 (GK)

TWENTIETH CENTURY FOX FILM CORP, INC.,

DEFENDANT.

SECOND CONSOLIDATED MOTION FOR PRELIMINARY INJUNCTION &

TEMPORARY RESTRAINING ORDER (TRO)

Comes Now plaintiff David Louis Whitehead with his second consolidated motion for preliminary injunction and temporary restraining order (TRO) based on the following below:

Opposing counsel was not available to consent.

Plaintiff's original motion was filed in the Superior Court for the District of Columbia on July 7, 2005. See attachment exhibit 1.

Defendant through his counsel removed the case in its entirety to the district court as David L. Whitehead v. Twentieth Century Fox Film Corporation, Inc., assigned to the honorable Judge Gladys Kessler.

Defendant failed to remove the case in its entirety based on a scheme to defeat the pro se plaintiff. Judge Russell Canan does not have any jurisdiction over the case whatsoever, after defendants removed the case on July 25, 2005.

before DW

Judge Canan lacks jurisdiction on any pleadings which were filed in Superior Court after the removal of the case by the defendant on July 25, 2005. The record indicates that plaintiff did not file anymore pleadings in the Superior Court on the above captioned case. In short, case law states that "matters of the court, lacking jurisdiction, the law requires an investigation." "…the judge acted in the absence of jurisdiction, and that judicial immunity does not extend to this sort of criminal behavior. See United States v. Isaacs, 493 F.2d 1124 (7th Cir. 1974). Judge Canan had an opportunity to rule on the plaintiff's case, but failed to do so. The court has subject matter jurisdiction on plaintiff's State Law claims including RICO U.S.C. 1861 as amended and other claims of Conspiracy.

In any event, defendant failed to respond to plaintiff's motion for injunctive relief filed on July 5, 2005 in the Superior Court and in the district court. The law of the case required the defendant to respond. Defendant has not filed a responsive pleading in this matter. Therefore, plaintiff's motion should be granted based on the mere fact defendant failed to respond. In the alternative the court should grant the plaintiff's motion based on case law and the merits of his claims listed below:

Defendant copied the plaintiff's satanic character characterization in his 1995-1996 material *God v. Satan* to create scene developments, scenes, events, expression of ideas in the films and books *The Passion of the Christ* as follows:

1. Plaintiff work begins with the creation of the world, and leads to Satan tempting God in the Garden of Eden. P.8  The same scene is depicted in the fictional version of the films and books The Passion of the Christ. Whereas, there are glimpses of the creation of the world with Satan tempting Jesus in the Garden of Gethsemane.

2. In *God v. Satan,* Satan leads Judas from the Last Supper to the Garden of Gethsemane. Pp. 73-74. In the works *The Passion of the Christ,* it begins with Satan tempting Jesus in the Garden of Gethsemane.

3. In *God v. Satan,* Satan is depicted in scene, whereas Pontius Pilate is talking to the Jews on the fate of Jesus. P. 81 The same scene is depicted in the films *The Passion of the Christ,* with Pilate speaking to the Jews, while Satan is in the background.

4. Satan screams near the end after Jesus's death and resurrection in both plaintiff's *God v. Satan* and defendant's *The Passion of the Christ.*

5. Selected lines are strikingly similar between the two works *God v. Satan* and *The Passion of the Christ,* along with sequences of events, including the Four Trials of Jesus and the Four Gospels.

6. In both works *God v. Satan* and *The Passion of the Christ,* the plots and mood are the same. Whereas, the storyline and theme is about Satan's battles with God. And God's victory over Satan.

In short, plaintiff needs only to demonstrate a fair chance of success on the merits for an injunction to issue. See Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978) cert. Denied, 441, U.S. 937, 99 S. Ct. 2065 (1979).

The facts here amply demonstrate the two prerequisites for such reliefs. Moreover, since both a substantial and significant irreparable injury are present here, the injunctions should issue. The public interest can only be served by upholding copyright protections for plaintiff's God v. Satan. *Apple v. Franklin,* 714 F.2d at 1254, & *Apple v. Formula,* 725 F.2d at 525.

Plaintiff requests that the court impound defendants merchandise as a result of defendant's operation of its infrining product. Further, to obtain a preliminary injunction, "a party must show either (1) a likelihood of success on the merits and a possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor. Apple Computer Inc., v Formula Intl Inc., 725 F.2d 521, 523 (9th Cir.). See plaintiff's attachment no. 2 affidavit of the plaintiff filed on July 28, 2005 in this court.

In conclusion, plaintiff prays that the court will grant his motion.

David L. Whitehead

9 Fourth St. N.E. Apt. 1,

Washington, D.C. 20002

Certificate of Service

I certify under the laws of perjury that I served a copy of the pleading on the defendant on August 29, 2005.

*David L. Whitehead*

Cc Elizabeth Kuch