UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID L. WHITEHEAD,

PLAINTIFF,

V.                                              CASE No. 05CV1462 (GK)

TWENTIETH CENTURY FOX FILM,

DEFENDANT.

### *NOTICE OF APPEAL*

Comes Now plaintiff David L. Whitehead with his notice of appeal on the district

court rulings in the above captioned case as follows:

Defendant's counsel filed a motion to stay proceedings on August 29, 2005 via

electronic transmission. Further, defendant's motion claimed that one of the defendants

had been served the plaintiff's complaint in *David Whitehead v. Federal Election*

*Commission,* et al., 02cv1630. However, plaintiff did not serve any of the defendants in

the case. Plaintiff argued that Judge Richard Roberts did not have jurisdiction over the

case 02cv1630. Moreover, on recusal, plaintiff argued that related matter on Microsoft

Inc. and Viacom should have required recusal of the court. *455 (a) bias.* Plaintiff

requested recusal because the court ruled on his Writ of Mandamus involving Judge

Colleen Kotelly, and his husband's law firm Dickstein Shapiro Moran and Oshinsky,

LLP holding Viacom stocks and representing both Viacom and Microsoft.

Plaintiff filed his opposition pleadings which list exhibits of Judge Kotelly holding Viacom stocks while she presided on plaintiff's misconduct complaint filed against Judge Friedman. Further, Judge Kotelly's husband law firm was opposing counsel in *Whitehead v. CBS/Viacom,* et al, 01cv1192, before Judge Richard Roberts, while Judge Kotelly held concealed Viacom stocks and presided on the Judicial Counsel's misconduct ruling on Judge Friedman.

In short, the entire matter is related to this case. And the matter is pending in the US Court of Appeals on plaintiff paying $1200.00 sanctions related to matters involving Judge Friedman, who has been presiding on the bench as a General Partner with White & Case LLP partners and former partners and spouses in joint capital venture known as Wallpark LLC/Media Communications II. White & Case represents Viacom. Judge Richard Roberts held Comcast stocks while presiding on plaintiff's Viacom case 01cv1192, and *Whitehead v. Federal Election Commission, Judge Friedman,* et al., 02cv1630 (Noting that there was no service on the complaint in case no. 02cv1630, which bars the plaintiff from proceedings in this forum).

On August 29, 2005, the same day in which the defendant's file their electronic pleading requesting a stay, the district court ruled electronically on the same day, dismissing the action, without giving the plaintiff an opportunity to respond factually to the defendant's motion. *See excerpts of the district court's electronic memorandum order dated August 29, 2005, page 1, and defendant's electronic pleading filed August 29, 2005, page 1.*

2

Further, on August 30, 2005, plaintiff filed a third motion for summary judgment with an affidavit of exhibits, establishing both access and substantial similarity of copyright infringement. Plaintiff served the defendant on August 29, 2005 his motion. Plaintiff argued in his third motion for summary judgment that defendant's counsel Williams & Connolly and Dreamworks Pictures's counsel were involved with plaintiff's case *David Whitehead v. Columbia Pictures Industries Inc.*, et al., 98cv2938. This case relates to plaintiff's material God v. Satan and Dreamworks's Prince of Egypt. In short, Williams and & Connolly representatives of 20th Century Fox Film had access to plaintiff's God v. Satan, which establishes access. Because of the nature of this matter, which relates to the alleged misconduct of Judge Paul L. Friedman and the billions of dollars the Hollywood defendants have grossed from the theft of plaintiff's intellectual property, the plaintiff has been denied access to the courts. In its totality, plaintiff's civil and human rights have been violated by the court and defendants. Plaintiff's first, second and third motion for summary judgment should have been granted based on the briefs, affidavits and opposition records of the plaintiff. Defendant through their attorneys failed to plead.

Plaintiff did not file the case in this court, but the matter was removed to this forum by the defendant's lawyer. This is an appealable issue. Further, the Washington Post published a news article in its Metro Section on the Hollywood film *The Passion of The Christ* on Saturday 27th day of August 2005, before the court issued its decision? Defendants grossed billions of dollars from the theft of plaintiff's copyrighted material God v. Satan, and the court wouldn't allow the plaintiff to proceed and/or respond to defendant's motion to stay filed on August 29, 2005.

Clearly, plaintiff had the defendants and their agents pin down for summary judgment, however, the court afforded the defendant and their agents a way out from defeat and cost/compensation for the theft of his material *God v. Satan*.

David L. Whitehead
9 Fourth St. N.E. Apt. 1
Washington, D.C. 20002

4

## Certificate of service

I certify under the laws of perjury that I filed a copy of the pleading on the 31st day of August 2005.

David L. Whitehead

Cc Elizabeth Koch